The verdict and sentence in a criminal case cannot be annulled on appeal when the transcript does not contain a bill of exception nor an assignment of errors, and there is no error apparent on the face of the proceedings.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3203–3214; Dec. Dig. ☞ 1182.]

Appeal from Recorder's Court of New Orleans; J. J. Fogarty, Recorder.

J. C. Gilmore was convicted of violating an ordinance of the City of New Orleans, and appeals. Affirmed.

Edward N. Pugh, of Donaldsonville, and Thos. Gilmore, of New Orleans, for appellant. I. D. Moore, City Atty., and W. L. Hughes, both of New Orleans, for Board of Health for City of New Orleans.

O'NIELL, J. The defendant was prosecuted on an affidavit charging him with violating sections 3 and 8 of Ordinance No. 2512 C. C. S. of the city of New Orleans, by failing to have his dwelling in the condition required by the ordinance to make it ratproof. He filed a demurrer to the affidavit, or a motion to quash and dismiss the charge against him, on the ground that the appointment of the judge of the recorder's court, by the commission council of New Orleans, was made pursuant to section 12 of Act No. 159 of 1912, and that that section of the statute was null because it violated article No. 319 of the Constitution of this state. The motion was overruled, and it is recited in the record that the defendant's counsel excepted to the ruling; but no formal bill of exceptions was signed. The defendant then filed a demurrer to the affidavit. The demurrer was overruled, and it is recited in the record that the defendant's counsel excepted to the ruling; but no formal bill of exceptions was signed. The defendant then filed a plea of not guilty, and was tried and convicted and sentenced to pay a fine of $25, or serve 30 days in the parish prison. He has appealed from the verdict and sentence.

The demurrers filed in this case are exact copies of the demurrers which were filed by the defendants in the cases entitled City of New Orleans v. Beck, 71 South. 883, ante, p. 595 (No. 21,857), and City of New Orleans v. Mangiarisina, 71 South. 886, ante, p. 605 (No. 21,879), which were recently decided. Every contention made and argument advanced by the defendant in this case was decided contrary to his contentions in the two cases cited; and, if the issues decided there were properly presented in this appeal, we would affirm the verdict and sentence on the authority of the two decisions so recently rendered. The record in this case, however, does not contain a bill of exception nor an assignment of errors.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

─────────

(72 South. 707)

No. 21899.

CIGNONI v. CIGNONI.

(June 30, 1916. On Application for Rehearing, Oct. 16, 1916.)

*(Syllabus by Editorial Staff.)*

1. DIVORCE ☞213—SEPARATION FROM BED AND BOARD—TEMPORARY ALLOWANCE.

During her suit for separation, the wife is not bound to impinge on her capital for expenses while the husband lives out of his income, where her total immediate resources are but $373.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 619–624; Dec. Dig. ☞213.]

2. DIVORCE ☞219—SEPARATION FROM BED AND BOARD — TEMPORARY ALLOWANCE — CHANGE OF RESIDENCE.

Under Civ. Code art. 148, providing for allowance for maintenance during suit for separa-

tion, but that the husband cannot be compelled to pay it unless the wife proves that she constantly resided in the house appointed by the judge, where, through counsel's error, order changing assignment of residence was not made until 10 days after the wife changed it, while the husband could not be made to pay during the ten days, the formal order of change revived his obligation, the wife being only technically at fault.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 640, 735-737; Dec. Dig. ☞219.]

3. DIVORCE ☞215.— SEPARATION FROM BED AND BOARD—TEMPORARY ALLOWANCE—EXCESSIVE ALLOWANCE.

Where the husband's income was $250 per month, an allowance for support during the wife's suit for separation, of $50 per month, is entirely reasonable.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 632-634; Dec. Dig. ☞215.]

#### On Application for Rehearing.

4. DIVORCE ☞213 — SEPARATION FROM BED AND BOARD—TEMPORARY ALLOWANCE—EXCESSIVE ALLOWANCE.

Civ. Code, art. 230, provides that alimony is the sum necessary for nourishment, lodging, and support of the claimant. Article 231 provides that alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who pay. Article 232 provides that when the person who gives or receives alimony is so placed that he can no longer give, or is no longer in need of it, the discharge from or reduction of the alimony may be sued for and granted. Article 148 provides if the wife has not a sufficient income for her maintenance during suit for separation, the judge shall allow her a sum for her support, proportioned to the means of the husband. *Held,* that such sections do not preclude allowance to wife, though she owns unproductive wild lands or other property.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 619-624; Dec. Dig. ☞213.]

5. DIVORCE ☞285 — SEPARATION FROM BED AND BOARD—ALLOWANCE—APPEAL.

Where the husband admitted monthly income of $250, and thereupon the wife was allowed $50 monthly, the court could not alter the judgment on ex parte allegations of the husband on appeal that his income was only $100 per month, but was bound by the record; the husband's only relief being to apply for reduction under Civ. Code, art. 232.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 768; Dec. Dig. ☞285.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Suit by Mrs. Louis Cignoni against Louis Cignoni. On rule for alimony. From an allowance of alimony, defendant appeals. Affirmed. On application for rehearing. Rehearing refused.

D. B. H. Chaffe and R. Emmet White, both of New Orleans, for appellant. E. Howard McCaleb, of New Orleans, for appellee.

PROVOSTY, J. The plaintiff asks that her husband be required to pay her alimony pending her suit in separation from bed and board. She owns four paid-up shares of stock in a homestead association of $100 each, which yield a revenue of $32 per annum, and 10 shares in another association which yield no revenue, because of arrears in dues, but which have a withdrawal value of $341. This property, defendant contends, should first be exhausted by her before she can call upon him for support, as, until then, she could not be said to be in necessitous circumstances. He has an income of $250 a month. The trial court allowed $50 a month, and defendant has appealed.

The law of the case is article 148, C. C., which reads:

"If the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support, proportioned to the means of her husband.

"The husband cannot be compelled to pay this allowance, unless the wife proves that she has constantly resided in the house appointed by the judge."

[1] The wife is not bound to impinge upon her capital for her expenses while her husband is living out of his income. Learned counsel suggest the case of a wife possessed of means which are large but which for some reason or other yield, for the time being, no revenue. Such a case is not presented here. It will be considered when presented.

[2] It being desirable that the plaintiff should no longer stay at the domicile assigned her by the judge, her counsel advised her that he would obtain an order of court assigning another domicile, and that in the meantime she could go on and move to this

other domicile. She did so; but, through the inadvertence of counsel, the order for the change of domicile was not made until ten days later.

This abandoning of the assigned domicile, the husband contends relieves him from the obligation of the alimony.

No doubt, he could not be made to pay for the ten days during which the wife had abandoned the domicile assigned to her; but we can see no good reason why his obligation should not have revived as an effect of the assignment of a new domicile and her occupying it. There is nothing contrary to this in the cases of Carroll v. Carroll, 48 La. Ann. 835, 19 South. 872, and Jolly v. Weber. 36 La. Ann. 678, and cases there cited. Whether a wife could under any circumstance, by abandoning the domicile assigned her by the judge, forfeit permanently her right to alimony, in such way that the right would not revive at her return to the assigned domicile, or by the assignment of another domicile, is a question which need not be considered in this case, as the intentions of the wife in this case were good, and she was at fault only technically.

[3] The trial court fixed the alimony at $50 a month; one-fifth of the revenue of the husband. Entirely reasonable, in our opinion.

Judgment affirmed, at the cost of appellant.


On Application for Rehearing.

MONROE, C. J. [4] Counsel for defendant complains that, in considering the question here decided, the court should have construed C. C. arts. 230, 231, and 232, and that, by so doing, it would have reached a different conclusion. Those articles read:

"Art. 230. * * * By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.
"Art. 231. * * * Alimony shall be granted in proportion to the wants of the person requiring it and the circumstances of those who [are to] pay [it].
"Art. 232. When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, * * * the discharge from or reduction of the alimony may be sued for and granted."

Article 148, upon which the judgment of the court upon the question whether the circumstances of the plaintiff called for alimony, was based, reads:

"If the wife has not a sufficient income for her maintenance during the suit for separation, the judge shall allow her a sum for her support, proportioned to the means of the husband."

If the lawmaker had intended that alimony should not be allowed to a wife who owns wild land, or any other unproductive property, that idea would no doubt have been expressed.

[5] The learned counsel also thinks that the amount allowed is excessive, and that the court should have taken into account the defendant's expenses, such as taxes, insurance, and repairs. He also informs the court that the admission contained in defendant's answer to the plaintiff's rule, "that his revenue, if, and when, collected, does not exceed $250 per month," was made for convenience, and to save expense, and that he could have shown that his net income, in normal times, is less than $125 per month, "and, presently, it is less than $100 per month."

The case was, however, decided upon the basis of the facts disclosed by the record, and the judgment cannot be altered in consequence of ex parte allegations, contained in the brief of counsel. If defendant's income has been reduced since the trial of the rule, he may find relief, with respect to the future, by invoking C. C. art. 232, but that must be done in a court of original jurisdiction.

Rehearing refused.