352 So.2d 1013 (1977)
Lois Lancaster HALCOMB
v.
Roy Seale HALCOMB.
No. 59779.
Supreme Court of Louisiana.
November 14, 1977.
*1014 Roy Seale Halcomb, Halcomb & Cole, Ferriday, for defendant-applicant.
Lyman S. Gore, Vidalia, for plaintiff-respondent.
SUMMERS, Justice.
Lois Maxine Lancaster instituted suit on October 11, 1968 against her husband Roy Seale Halcomb for a separation from bed and board. There were four children of the marriage. In due time these proceedings resulted in an absolute divorce dated May 6, 1969 decreeing that the husband "shall pay to plaintiff the sum of ONE HUNDRED AND NO/100 ($100.00) DOLLARS per week child support assistance and the sum of TWENTY-FIVE AND NO/100 ($25.00) DOLLARS per week alimony for support of plaintiff" until her remarriage. The wife was also awarded the care, custody and control of the four children, issue of the marriage.
At the time of the 1969 judgment of divorce the older child, Roy Seale Halcomb, Jr., was 21 years of age but married and a college student. The husband nevertheless paid $100 per week as child support from the day the award was decreed, May 6, 1969, until April 10, 1970. On April 10, 1970, he reduced his payment to $75 per week without obtaining a modification or amendment of the judgment by the court, explaining that he no longer felt any obligation to support his oldest child because he was twenty-one and married. Payments were continued at $75 per week until June 19, 1970, when his second child was emancipated by marriage, at which time he again made a pro rata reduction to $50 per week. On December 4, 1970 the third child became eighteen and emancipated by marriage, at which time the husband further reduced the child support payments to $25 per week, the remaining $25 representing the pro rata share of the youngest child who was still a minor. In no instance was a court ordered modification or amendment of the judgment obtained to authorize the husband to reduce these child support payments. In the meantime the wife had remarried, and alimony awarded to her is not at issue.
Alleging that the husband had failed to pay the child support awarded in the judgment of May 6, 1969, the wife filed a motion on November 25, 1975 ruling the husband to show cause why the amount of child support should not be determined and made executory. Her motion was amended on February 4, 1976 to join her three major children as parties plaintiff and amended again on February 20, 1976 to file powers of attorney from the three major children. The husband answered and sought approval of the reductions in these proceedings.
Based upon the pertinent parts of the record thus formed, the trial judge determined the past due child support to be $11,844. Judgment was rendered accordingly on June 9, 1976, in favor of the wife and the three children who had attained majority. Thereafter, the husband moved for a new trial which was granted and the judgment of June 9, 1976 was set aside. Judgment was then rendered in favor of the husband denying the claims of the mother and children and dismissing their rule to show cause with prejudice. Only the wife appealed to the Third Circuit where the judgment of the trial court was *1015 reversed. 343 So.2d 1183. Writs were granted by this Court on application of the husband. 345 So.2d 907. The claim of the children for alimony is not before this Court. They did not appeal from the judgment of the trial court denying those claims.
The first issue is presented by the husband's motion to dismiss the appeal. The motion is based upon the contention that an order for a thirty day extension of the time to prepare the record for appeal was signed after expiration of the date when the appeal was made returnable to the Third Circuit. The Court of Appeal found that the extension order was timely signed before the return date and denied the motion to dismiss. This is a fact question which the Court of Appeal resolved against the husband. No error is manifest in this finding and in that respect the judgment of the Court of Appeal is affirmed.
On the question of the amount of child support payments due and executory, the Court of Appeal rendered judgment in favor of the wife for the amount of the delinquent child support payments accumulated before her youngest child reached the age of majority or became emancipated.
The husband contends that the wife could not sue to collect any arrearages in child support payments on behalf of children who had reached the age of majority, the sole remedy being for the child who has reached the age of majority to sue under Article 229 of the Civil Code, requiring relatives in the direct ascending line to maintain their needy descendants.
The first question is whether the husband had the right to reduce the in globo child support award proportionately as each of the four children arrived at the age of majority or became emancipated. The answer to this question is found in Article 232 of the Civil Code:
"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted." (emphasis added).
Reduction of or discharge from a judgment condemning one to pay alimony must therefore be sued for by the party against whom the judgment was rendered. Cignoni v. Cignoni, 139 La. 978, 72 So. 707 (1916). Such a judgment is not a final judgment but is always subject to review and change as to future installments in the court which rendered it. Wright v. Wright, 189 La. 539, 179 So. 866 (1938).
Although not necessarily exclusive, an acceptable procedure for reduction or modification is to proceed by contradictory motion to have the amount of future alimony reduced, modified or terminated. Cf. La.Code Civ.Pro. art. 3945.
In Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954), the question was answered as follows:
"The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law, Louisiana Code of Practice, Article 548; Snow v. Snow, 188 La. 660, 177 So. 793; Williams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; that the right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant, Gehrkin v. Gehrkin, supra; and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA-Civil Code; Snow v. Snow, supra, 188 La. at page 670, 177 So. 793, Gehrkin v. Gehrkin, supra: . . ."

Until modified, therefore, the judgment awarding alimony is a determination of the rights of the parties and has acquired *1016 the authority of the thing adjudged. La. Code Civ.Pro. arts. 1841-42. Nevertheless, in another sense an alimony judgment is not final in that a modification, reduction or termination of such a judgment may be sued for. La.Civ.Code art. 160, 232. See also Wright v. Wright, 189 La. 539, 179 So. 866 (1938). In the absence of such a suit, however, the judgment cannot be altered or modified, Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Williams v. Williams, supra, except in certain instances where the award is terminated by operation of law. An example of an automatic revocation of alimony is when an award in favor of a wife is revoked when she remarries. La.Civil Code art. 160. Also, alimony pendente lite is terminated by the signing of a final judgment of divorce when the divorce decree makes no mention of future alimony. White v. Morris, 236 La. 767, 109 So.2d 87 (1959). However, unless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard for the integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition.
On the basis of the cited authority and the reasons assigned the husband, in the case at bar, had no right to proportionately reduce the in globo award in favor of the children as they attained majority. Notwithstanding that the children who came of age may not have been entitled to continuing support, the question arises whether, after a contradictory hearing under the then current circumstances, the remaining minors were entitled to an increase to offset the reduction which the husband unilaterally put into effect.
And we decide also that the wife has the right under the authorities cited to sue for the past due child support payments. Article 3945 so states:
"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony."
Here the wife was by the terms of the judgment awarded the sum of $100 per week "child support assistance" and charged with the legal care, custody and control of the four children, issue of the marriage. These support funds were intended to be paid to her to enable her to discharge the obligation of custody, the support of the children. She is therefore "the party entitled thereto" and may proceed to have the amount of past due alimony determined and made executory because Article 3945 gives her the right.
The husband relies principally upon this Court's decisions in Miller v. Miller, 321 So.2d 318 (La.1975) and Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). In the Miller case the wife was seeking to have determined and declared executory the arrearage of an in globo award for alimony awarded to her and for support of three children. The trial court found that she had remarried and that one of the children had become fully emancipated by marriage. The trial court determined the arrearage and prorated the in globo award equally between the wife and children but disallowed claims for past due alimony by the wife subsequent to the date of her remarriage. On appeal to the First Circuit that part of the judgment disallowing any past due alimony to the wife after the date of her remarriage was affirmed, but the Court of *1017 Appeal reversed the judgment insofar as it terminated the award on a pro rata basis for past due support money to one of the children because he had attained the age of majority. The effect of this Court of Appeal decree was, in effect, to allow the wife to collect past due support for a child who had attained majority because the husband had not sued for a reduction.
On the husband's application certiorari was granted. No writs were applied for by the wife and we did not consider the correctness of the Court of Appeal judgment terminating alimony in her favor as of the date of her remarriage; nor was the validity of the "in globo" nature of the award in question before this Court. In deciding the case we held that when a minor becomes fully emancipated by age or by marriage, his mother may no longer sue to have determined and made executory past due awards of child support from the father for the support of the child.
Insofar as that decision is in conflict with the pronouncements in this opinion, it cannot be approved. We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority; nor can she seek an increase of an award for the child's future support after the child has reached majority. But this effect of a child's majority does not apply to a motion by the mother to whom the award was made for the child's support to have a child support award in arrears determined and made executory. The latter situation is distinguishable from the former in that an initial suit for support or a suit to increase a past award seeks to initiate a new claim on behalf of the adult child when the law has declared him capable of administering his own affairs and no longer entitled to child support; whereas, the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child's minority.
Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) is distinguishable from the case at bar. There the husband filed a rule against his former wife for the reduction or termination of alimony and child support payments awarded to her in a divorce judgment. She answered, praying for an increase in both awards. One of the children had become a major in the meantime. In the holding that is pertinent to the issue before us in the case at bar, the Bernhardt Court held that the wife has no standing to claim child support for the child who was then a major. If the Bernhardt case is read in the restricted sense that the wife could not demand an increase of the award on behalf of the child who had reached majority, but was nevertheless entitled to receive past due alimony until the husband filed for reduction, the case is not contrary to our holding today.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring)
I am of the opinion that Mrs. Halcomb is entitled to recover past-due child support payments from her former husband. However, had the child support judgment awarded a specific amount for the support of each child, rather than an in globo amount, I consider that the child support for a particular child would cease by operation of law upon the child's majority. Moreover, even an in globo child support award would terminate by operation of law upon the majority of the youngest child. See Miller v. Miller, 321 So.2d 318 (La.1975) (Marcus, J., concurring). The wife would be the proper party to enforce the judgment for past-due child support which became due and owing prior to the majority of the children.