SARTAIN, Judge.
This litigation presents a single issue of law, namely, may a mother seek an execu-tory judgment for past due child support from the father after the child has reached the age of majority? The district court held that she could and overruled the father’s peremptory exception of no right of action.
The father, Tony Wilson, now appeals from a judgment awarding the mother, Virginia Watkins Wilson, an executory judgment for child support payments which accrued during the minority of Angela Jane Wilson. Only the exception of no right of action is urged as error. We affirm.
The Louisiana Supreme Court recently faced the same issue in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) and at p. 1017 stated:
“We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority; nor can she seek an increase of an award for the child’s future support after the child has reached majority. But this effect of a child’s majority does not apply to a motion by the mother to whom the award was made for the child’s support to have a child support award in arrears determined and made executory. The latter situation is distinguishable from the former in that an initial suit for support or a suit to increase a past award seeks to initiate a new claim on behalf of the adult child when the law has declared him capable of administering his own affairs and no longer entitled to child support; whereas, the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child’s minority.
For the reasons given in Halcomb, above, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.