401 So.2d 552 (1981)
Adam D. Kirby BERTRAND, Plaintiff-Appellant,
v.
Mildred Bell BERTRAND, Defendant-Appellee.
No. 8150.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
*553 Jo Ann Nixon, Lafayette, for defendant-appellee.
Shelton & Legendre, by Philip C. Kobetz, Lafayette, for plaintiff-appellant.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
SWIFT, Judge.
The Bertrands were divorced on November 8, 1971, having lived separate and apart without reconciliation for over one year following a judicial separation decree of June 27, 1970. The divorce judgment incorporated the separation judgment's provisions awarding to the plaintiff-wife the custody of their three minor children and child support in the amount of $30.00 per month per child.[1]
The wife has now filed a rule seeking to hold her ex-husband in contempt, an executory judgment for unpaid child support for the past three years and also an increase in child support to $500.00 per month per child. She testified that the defendant made no support payments to her during such period. On the other hand, the defendant testified that plaintiff refused to accept any support for the children from him, so he made numerous payments to them and also reimbursed his father for support the latter furnished the children. Defendant further contends that no support is due for the two eldest children as they reached the age of majority and left plaintiff's home more than three years before the suit was filed. Also, he urges that no child support is due for the remaining minor, because she no longer lives with her mother.
The trial judge found that defendant paid no child support direct to the plaintiff during the said three year period and held him in contempt. He calculated the support arrearage on the basis of $30.00 per month for each of the three children for the 36 months before suit was filed, totaling $3,240.00, the amount sued for by plaintiff. He recognized that the father was not obliged by law to support the two sons after they became majors, but the judgment included their unpaid support under Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977), because the defendant had not obtained a prior decree terminating his obligation under the separation judgment to pay for their support.
On this appeal the defendant complains only of the judgment for past due alimony for the two major children and the increase in support for the minor.
The father's obligation under the separation decree was to support the children by making payments to the mother, not to them or to others for them. Thompson v. Courville, 372 So.2d 579 (La.App. 3 Cir. 1979).
The fact that a child is no longer living with the mother does not alter the rule that a judgment for child support remains in full force and effect in favor of the party to whom it was awarded until the party held liable applies to the court and obtains a modification. Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1 Cir. 1980); Wisdom v. Wisdom, 356 So.2d 1111 (La.App. *554 2 Cir. 1978); Simon v. Calvert, 289 So.2d 567 (La.App. 3 Cir. 1974), writ denied 293 So.2d 187 (La. 1974).[2]
It is also well settled that one cannot unilaterally reduce child support payments when one or more of the children for whom an in globo award has been made reaches majority status. Halcomb v. Halcomb, supra; McClure v. McClure, 363 So.2d 1334 (La.App. 3 Cir. 1978); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1 Cir. 1980).
In a concurring opinion to Halcomb, Justice Marcus noted that a distinction exists between the in globo award for several children involved in that case and where a child support judgment awards a specific amount for the support of each child. In the latter instance he believes that the support for a particular child would cease by operation of law upon that child's majority. We have not been cited nor has our research disclosed any case since Halcomb involving this precise situation, but in many of the decisions following Halcomb the courts have mentioned particularly that its rule applies to in globo awards. We believe that the distinction pointed out by Justice Marcus is sound and reasonable and is applicable in this case. We therefore conclude that the judgment to plaintiff for past due child support must be reduced from $3,240.00 to $1,080.00.
The defendant also contends that the trial court erred in increasing the amount of support for the minor, Bridget Bertrand, from $30.00 per month to $150.00 per month because there is insufficient evidence to merit such increase. We disagree.
Louisiana Civil Code Article 227 imposes on parents a mutual obligation of support, maintenance and education of their children. The degree of support is determined by the needs of the child as well as the circumstances of those who are obligated to pay it. LSA-C.C. Articles 230 and 231; Graval v. Graval, 355 So.2d 1057 (La. App. 4 Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La. 1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3 Cir. 1979).
Each case must be decided on its own circumstances. In the instant case the original judgment was determined in 1970. The minor child is now sixteen years old. The child was recently injured in an automobile accident and some of the medical expenses incurred have not been paid. The rise in the cost of living coupled with the greater needs of the child as she gets older has been held sufficient to warrant an increase in child support. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3 Cir. 1980).
The trial court held that the evidence presented concerning the needs of the child and the ability of the defendant to pay supported an increase in the amount of her support to $150.00 per month. Trial courts are vested with considerable discretion in fixing the amounts which parents should contribute for the support of their children and the judgment of the trial court in these matters will not be disturbed unless there appears to be an abuse of that discretion. Gravel v. Gravel, 331 So.2d 580 (La.App. 3 Cir. 1976); Dupre v. May, 365 So.2d 1173 (La.App. 3 Cir. 1978); Strickland v. Strickland, 377 So.2d 537 (La.App. 3 Cir. 1979). After careful review of the record, we find no such abuse in the instant case.
For the above and foregoing reasons, the judgment of the district court is amended to reduce the sum awarded to plaintiff against defendant for unpaid child support from $3,240.00 to $1,080.00, but otherwise it is affirmed. All costs except for this appeal are assessed against the defendant-appellant. The costs of appeal are assessed to both parties in equal proportions.
AMENDED AND AFFIRMED.
NOTES
[1] The separation decree is not in the record. However, the trial judge stated in his reasons for judgment and both parties have acknowledged in their briefs that it contained such provisions.
[2] This rule has been modified to some extent by Dubroc v. Dubroc, 388 So.2d 377 (La. 1980), and Lachney v. Lachney, 399 So.2d 731 (La. App. 3 Cir. 1981), but these cases are inapplicable to the facts now before us.