CHEHARDY, Judge.
Plaintiff, Ethel Tatman McGovern, appeals a district court decision in favor of plaintiff and against the defendant, Wilson Joseph Tatman, Sr., in the sum of $2,000 in child support arrearages together with legal interest from the first day of June, 1977 until paid and $150 in attorney fees.
The record reflects that plaintiff and defendant were married in 1954 and four children were born of the marriage. On November 7, 1967 judgment was rendered in favor of Tatman and against Mrs. McGovern decreeing an absolute divorce “a vin-culo matrimonii.” The judgment also ordered that the custody of all four children be granted to Mrs. McGovern, and Tatman was ordered to pay child support in the amount of $300 per month.
On July 1, 1980, evidence was taken in the district court on the child support ar-rearage rule. Tatman testified that at the time of the hearing all four children had reached the age of majority. He said he stopped giving Mrs. McGovern child support in 1969, when he alleges she refused to support the children, but he added that he had never brought any legal proceedings to have the judgment of November 1967 amended.
Tatman stated the 18-year-old child had been living with him since February of 1980, that he carries medical insurance on the children and that he has supplied them with groceries from the grocery store which he owns. Although Tatman said he had been excused by the court from paying child support, there is no evidence of this in the record of the present case. He also admitted that since 1977 he has made no child support payments. He said, however, he has paid the tuition of the children since they started school.
Mrs. McGovern testified that Tatman has never complied with the judgment ordering him to pay $300 per month child support. She stated she never paid Tatman rent for living in the house belonging to him (as a result of their community settlement agreement) because she had understood the home was hers. She said, however, she never had an agreement with Tatman, either oral or written, that she would excuse his child support obligations in lieu of rent payment, tuition payment or in any other fashion. In regard to her 17-year-old son who recently went to live with Tatman, she said she did not ask him to leave home, but he did so voluntarily.
*781 In giving his reasons for judgment orally from the bench, the district court judge stated:
“I find you in arrearage on your child support for one child for a period of three years in a total amount of twenty-seven hundred dollars, determined at seventy-five dollars a month of his prorata of the child support, for one child at seventy-five dollars a month for one year for a total of nine hundred dollars, a total of thirty-six hundred less a credit of sixteen hundred on the Social Security payment. You owe her two thousand dollars. The rule is absolute in the amount of two thousand dollars.”
The plaintiff now appeals the judgment on the ground the district court judge was in error in retroactively discharging the defendant from part of the arrears in child support which had accumulated over the three years prior to the hearing. We agree and reverse.
The court specifically stated in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), at 1015-1016:
“Although not necessarily exclusive, an acceptable procedure for reduction or modification is to proceed by contradictory motion to have the amount of future alimony reduced, modified or terminated. Cf. La.Code Civ.Pro. art. 3945.
“In Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954), the question was answered as follows:
‘The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law, Louisiana Code of Practice, Article 548; Snow v. Snow, 188 La. 660, 177 So. 793; Williams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; that the right to receive such alimony in a lump sum is not waived by plaintiff’s failure to make periodic demands on the defendant, Gehrkin v. Gehrkin, supra; and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA-Civil Code; Snow v. Snow, supra, 188 La. at page 670, 177 So. 793, Gehrkin v. Gehrkin, supra:

“Until modified, therefore, the judgment awarding alimony is a determination of the rights of the parties and has acquired the authority of the thing adjudged. La.Code Civ.Pro. arts. 1841-42. Nevertheless, in another sense an alimony judgment is not final in that a modification, reduction or termination of such a judgment may be sued for. La.Civ.Code art. 160, 232. See also Wright v. Wright, 189 La. 539, 179 So. 866 (1938). In the absence of such a suit, however, the judgment cannot be altered or modified, Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Williams v. Williams, supra, except in certain instances where the award is terminated by operation of law. An example of an automatic revocation of alimony is when an award in favor of a wife is revoked when she remarries. La. Civil Code art. 160. Also, alimony pen-dente lite is terminated by the signing of a final judgment of divorce when the divorce decree makes no mention of future alimony. White v. Morris, 236 La. 767, 109 So.2d 87 (1959). However, unless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard for the integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to com *782 ply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition.”
In Halcomb the husband contended the wife could not sue to collect any arrearages in child support payments on behalf of children who had reached the age of majority, and the court addressed the issue of whether the husband had the right to reduce the in globo child support award proportionately as each of the four children arrived at the age of majority or became emancipated. In addition to the above, in pronouncing that the husband had no right to do this, the court also cited LSA-C.C. art. 232, which states:
“When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”
(Emphasis ours.)
Additionally, the court stated, citing Cignoni v. Cignoni, 139 La. 978, 72 So. 707 (1916), that reduction or discharge from a judgment condemning one to pay alimony must be sued for by the party against whom the judgment was rendered.
In disposing of Miller v. Miller, 321 So.2d 318 (La.1975), and Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), as relied upon by the husband in Halcomb (and which cases are also relied upon by the defendant in the present case), the court in Halcomb also said at 1016-1017:
“The husband relies principally upon this Court’s decisions in Miller v. Miller, 321 So.2d 318 (La.1975) and Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). In the Miller case the wife was seeking to have determined and declared executory the arrearage of an in globo award for alimony awarded to her and for support of three children. The trial court found that she had remarried and that one of the children had become fully emancipated by marriage. The trial court determined the arrearage and prorated the in globo award equally between the wife and children but disallowed claims for past due alimony by the wife subsequent to the date of her remarriage. On appeal to the First Circuit that part of the judgment disallowing any past due alimony to the wife after the date of her remarriage was affirmed, but the Court of Appeal reversed the judgment insofar as it terminated the award on a pro rata basis for past due support money to one of the children because he had attained the age of majority. The effect of this Court of Appeal decree was, in effect, to allow the wife to collect past due support for a child who had attained majority because the husband had not sued for a reduction.
“On the husband’s application certiorari was granted. No writs were applied for by the wife and we did not consider the correctness of the Court of Appeal judgment terminating alimony in her favor as of the date of her remarriage; nor was the validity of the “in globo” nature of the award in question before this Court. In deciding the case we held that when a minor becomes fully emancipated by age or by marriage, his mother may no longer sue to have determined and made execu-tory past due awards of child support from the father for the support of the child.
“Insofar as that decision is in conflict with the pronouncements in this opinion, it cannot be approved. We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority; nor can she seek an increase of an award for the child’s future support after the child has reached majority. But this effect of a child’s majority does not apply to a motion by the mother to whom the award *783 was made for the child’s support to have a child support award in arrears determined and made executory. The latter situation is distinguishable from the former in that an initial suit for support or a suit to increase a past award seeks to initiate a new claim on behalf of the adult child when the law has declared him capable of administering his own affairs and no longer entitled to child support; whereas, the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child’s minority.
“Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) is distinguishable from the ease at bar. There the husband filed a rule against his former wife for the reduction or termination of alimony and child support payments awarded to her in a divorce judgment. She answered, praying for an increase in both awards. One of the children had become a major in the meantime. In the holding that is pertinent to the issue before us in the case at bar, the Bernhardt Court held that the wife has no standing to claim child support for the child who was then a major. If the Bernhardt case is read in the restricted sense that the wife could not demand an increase of the award on behalf of the child who had reached majority, but was nevertheless entitled to receive past due alimony until the husband filed for reduction, the case is not contrary to our holding today.”
In the recent case of Dubroc v. Dubroc, 388 So.2d 377 (La.1980), the court reiterated the holding of Halcomb declaring it a “jurisprudential rule.” However, the court further declared at 380:
“Since the parent’s duty of support and upbringing is a legal duty owed to the child, it cannot be renounced or suspended.3 There is no prohibition, however, expressed by the law against a spouse’s agreement to suspend his right to compel the other parent without custody to turn over to him in advance money necessary for the child’s maintenance. Of course, an essential prerequisite to such a conventional modification of a parent’s right to receive support payments is implied. The parent may not, by suspension of this right, thwart the purpose for which the right is established, i.e., the enforcement of the child’s right to support and upbringing.
“For these reasons, an agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child. To allow the parent to suspend his right to receive support payments under circumstances contrary to the child’s interests, would be inimical to the ultimate goal of support and upbringing of the child. On the other hand, if the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child’s maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable.”
In Dubroc the husband voluntarily took one of his two children of whom custody had been given to his former wife (because Mrs. Dubroc no longer wanted custody of the child). Mr. Dubroc told his former wife that in exchange for taking the custody he would only pay half of the child support award. The court found that she agreed to the reduction in child support in exchange for relief from her obligation to take care of one of the children and also found the agreement enforceable, therefore not allowing the wife judgment for arrearages in child support with respect to the amount she agreed to suspend.
Similarly, the law articulated in Dubroc was followed by this court in the case of Reed v. Reed, 399 So.2d 1255 (La.App. 4th Cir. 1981). In that case the trial court judgment had been rendered prior to the holding of Dubroc; therefore, this court remanded the matter to the district court for an evidentiary hearing in order to determine whether or not there was an agree *784 ment entered into between the parties changing the original judgment awarding alimony and child support.
In the present case, however, the record is devoid of any evidence tending to establish an agreement between the parties, to suspend all or part of the original child support judgment, sufficient to meet the requisites of a conventional obligation.
The district court judge, therefore, did not make a finding that such an agreement existed between the parties, nor does this court find the presence of such an agreement. Furthermore, as noted in the Dubroc case, the wife’s mere acquiescence in the husband’s failure to pay the full amount of child support does not amount to a waiver.
In regard to the district court’s award of attorney fees, this court can find no abuse of discretion. LSA-R.S. 9:305 states that when the court renders an exec-utory judgment incorporating the payment of child support or alimony in arrears, the court shall award attorney fees in favor of the prevailing party. Because the defendant in the present case had never complied with the original child support award, the district court judge was within his discretion in awarding $150 in attorney fees.
For the reasons assigned, therefore, the district court judgment is amended so as to increase the amount of judgment in the plaintiff’s favor from $2,000 to $10,800 (the amount due from June 1, 1977 to the trial date), together with legal interest on all sums until paid; defendant to pay all costs of the proceedings. In all other respects the trial court judgment is affirmed.
AMENDED AND AFFIRMED.