CHEHARDY, Judge.
This is an appeal by the former wife from the denial of her rule to make past-due child support payments executory, and for attorney’s fees.
On December 22, 1976 Janet Eileen Neary, wife of Carlyle J. Melancon, was awarded an in globo judgment of $300 per month against her husband for the support of their three children. In January 1978, without prior court approval, Mr. Melancon reduced these payments by $100 per month after the oldest child became 18 years of age. In January 1981 after the second child became 18, he again reduced the payments by $100 per month. Mrs. Melancon thereafter filed rules to make back-due child support executory, for an increase in child support and for contempt.
At a hearing on the rules the parties amicably agreed to an increase, and the matter went to trial on the other rules. The increase in child support was reflected in the judgment, and the other rules were denied.
In this court appellant contends the trial court erred (1) in failing to make past-due child support payments executory and (2) in failing to award attorney’s fees.
Relative to appellant’s first contention, based on defendant’s noncompliance with the support order, the wife claims she is entitled to a stipulated $5,400, the unpaid accumulated amount. The husband contends the reduced amount was approved by his wife. The first issue, then, to be resolved here is whether the parties clearly agreed to a reduction in child support payments.
It is well settled under the jurisprudence of this state that an obligor under an in globo child support order cannot unilaterally reduce support payments when one of the children reaches the age of majority. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977);[1] Mathews v. Mathews, 415 So.2d 234 (La.App. 2d Cir.1982); Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3d Cir.1981); Marshall v. Marshall, 390 So.2d 1365 (La. App. 4th Cir.1980); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir.1980).
On the other hand, the Supreme Court has made it clear in Dubroc v. Dubroc, 388 So.2d 377 (La.1980), that an agreement between ex-spouses to modify the amount set by a prior judgment is enforceable. However, certain requirements must be met. The court stated at page 380:
“ * * * [A]n agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child. To allow the parent to suspend his right to receive support payments under circumstances contrary to the child’s interests, would be inimical to the ultimate goal of support and upbringing of the child. On the other hand, if the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child’s maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable.”
See also Matter of Andras, 410 So.2d 328 (La.App. 4th Cir.1982); Williams v. Williams, 405 So.2d 1277 (La.App. 4th Cir. 1981); Nichols v. Nichols, 400 So.2d 1109 (La.App. 1st Cir.1981); Reed v. Reed, 399 So.2d 1255 (La.App. 4th Cir.1981); Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979); Wisdom v. Wisdom, 356 So.2d 1111 (La.App. 2d Cir.1978); Henson v. Henson, 350 So.2d 979 (La.App. 2d Cir.1977).
Evidence on the agreement, or lack thereof, was given by the husband, the wife and *1193 a daughter. Mr. Melancon testified that in January 1978 he reduced the child support payments from $300 to $200 per month because the oldest child was 18 years old the preceding month. He spoke with his wife about the proposed reduction and she did not agree or disagree, but stated he would have to continue to pay medical bills and tuition.
In January 1981 he reduced the support from $200 per month to $100 per month, because the second child had turned 18 the previous month. In addition to the child support paid to his wife, Melancon had paid an additional $11,687.66 for tuition and medical bills on behalf of the children from January 1978 to December 1981.
Mrs. Melancon testified there was no agreement on her part to accept the reduction. She objected and asked him not to cut it down because she was having financial troubles and problems with two of the children. She does not fully recall the conversation with her former husband when he first proposed to reduce the amount, and does not remember telling him he would have to continue to pay the medical bills and tuition. He had always paid those bills ever since the divorce (although he was not required to do so by the judgment), and it was absolutely necessary for the children to attend private schools because of personal problems the children were having.
Leslie, the oldest daughter, was present in 1981 when her father reduced the sum to $100. She confirmed that her mother was very upset and walked out of the office.
The trial court found that no agreement existed between the parties. The record supports that finding. However, the trial court did not grant the mother a judgment for the back-due child support because it concluded that the father’s expenditures on behalf of the children (i.e. tuition, medical expenses and support) amounted to more than twice that ordered by the judgment. Consequently the court concluded there was no arrearage due.
Unless there is a clear agreement between the parties, our jurisprudence does not permit a husband to unilaterally reduce an in globo award for child support and elect to fulfill his obligation in some other manner, to third parties, for the support of his children.
In Odum v. Odum, 273 So.2d 576 (La.App. 1st Cir.1973), and Thompson v. Courville, 372 So.2d 579 (La.App. 3d Cir.1979), the court refused credit to the husbands for payments made to doctors, dentists, or merchants on behalf of the children, because such payments were not made at the request of the mother. Likewise in McGovern v. Tatman, 410 So.2d 779 (La.App. 4th Cir.1982), the husband stopped paying his wife- child support because he paid medical insurance for the children, supplied them with groceries from a store he owned, and paid their tuition ever since they started school. The court found the record was devoid of any evidence tending to establish an agreement between the parties and thus held the husband should not have been discharged from part of the arrears in child support payments.
While credit for such expenses was allowed in LaGlue v. LaGlue, 404 So.2d 1268 (La.App. 4th Cir.1981), it was because the court found in that case that a clear agreement existed between the parties.
In the instant case we find, as did the trial court, that there was no agreement between the parties. Thus the wife is entitled to the $5,400 stipulated arrears for child support which she seeks. In addition to the total arrearage, appellant is entitled to recover legal interest on each past-due installment of child support from the date such installment was due until paid. Miller v. Miller, 321 So.2d 318 (La.1975); Marshall v. Marshall, supra; Thompson v. Courville, supra.
Relative to appellant’s second contention, R.S. 9:305 provides:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.” (Emphasis ours.)
*1194 In determining whether or not attorney’s fees are due, the above-quoted statute mandates the judge to look at the cause of the failure to pay.
Under the particular facts in the instant case, the husband made these deductions in good faith, although erroneously, concluding he was entitled to reduce the in globo award as each child reached 18, yet he continued to pay all medical expenses and tuition for each of the children, even after some reached majority. He had always paid these expenses from the time of the divorce decree in 1976, although he was never required by judgment to do so.
His payment of these significant expenditures ($11,687.66) was of great benefit to the children, and to the wife, who otherwise would have had to bear, if indeed she could, these substantial expenses.
We find nothing in the record to suggest that during the years in question the husband did not comply with the support order (other than reducing it as each child became 18) and, as noted by the trial court, the sums he paid (albeit to third parties for the benefit of the children) far exceeded the sums he would have owed his wife for the children’s support.
We find no evidence at all that the husband was arbitrary and capricious in failing to pay the amount he honestly thought was due. We are required to award the wife back-due child support because appellee has not proved to the trial court’s satisfaction, or to ours, that appellant agreed to such reduction; nevertheless, limited to the facts in the instant case, and exercising the discretion granted by R.S. 9:305, we will not award attorney’s fees herein. Duncan v. Duncan, 408 So.2d 449 (La.App. 1st Cir. 1981).
For the reasons assigned the judgment of the trial court is reversed in part, and it is now ordered that there be judgment in favor of Janet Eileen Neary Melancon and against Carlyle J. Melancon, Sr., in the amount of $5,400 to make past-due child support payments executory, and interest from date of each past-due installment until paid.
In all other respects the judgment appealed from is affirmed.
REVERSED IN PART; AFFIRMED IN PART.

. In a concurring opinion in the Halcomb case, Justice Marcus noted that a distinction exists between an in globo award for several children, and where a judgment awards a specific amount for the support of each child. In the latter instance he believes that the support would cease by operation of law upon that child’s majority.