DUFRESNE, Judge.
Clelie Eiermann instituted suit on July 16,1979, against her husband Thomas Eier-mann for a separation from bed and board. There were two children of the marriage. On August 10, 1979, after a hearing on child custody and support, Clelie Eiermann was awarded custody of the children and Thomas Eiermann was ordered to pay child support of $200.00 per child per month and further that he maintain hospitalization insurance on his wife and two children and that he also provide his wife with an automobile.
From August 10, 1979, to December 1980, both of the children remained in the custody of their mother and Thomas Eier-mann paid the child support of $400.00 per month. From December 1980, through December 1983, he discontinued any support payments and began paying $215.00 per month.
*805 Mr. Eiermann reduced his monthly child support payments without obtaining a modification or amendment of the judgment by the court, explaining that he no longer felt any obligation for the total support payments. Mr. Eiermann contends that he stopped paying the total support when his eldest child began living with him and certainly felt no obligation after this child reached 18 years of age. Mr. Eiermann further argues that he stopped paying for the youngest son when he began living with him in November 1983.
He contends that pursuant to an oral agreement which he had perfected with his ex-wife, namely to assume physical care and custody over the oldest child, that she agreed to a pro rata reduction. Mrs. Eier-mann denies that she agreed, only that she acquiesced in the best interest of the children.
Consequently she filed a rule to make past due child support executory. Based upon the evidence adduced at the hearing, the trial court determined the past due child support to be due at the rate of $400.00 per month beginning December 7, 1980, through December 10, 1983, subject to a credit of $215.00 per month for this period.
From this judgment, Mr. Eiermann has filed this appeal, asserting the following issue:
“Whether a “non-custodial” parent is entitled to a pro-rata reduction of child support, when the custodial parent has requested the non-custodial parent to accept the custody of one of the minor children, when the original judgment of support was a pro-rata award of support and not an in globo award of support.”
Until modified, the judgment awarding child support is a determination of the rights of the parties and has acquired the authority of the thing adjudged. LSA-C. C.P. Arts. 1841 and 1842.
In the present matter, Mrs. Eiermann seeks to recover past due child support to which the trial court’s judgment allegedly entitles her.
We conclude that the only manner in which a court ordered child support obligation can be altered is through a), suit properly instituted or b). agreement pursuant to law which is in the best interest of the children.
In Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) the Supreme Court held that a parent could not unilaterally reduce his child support payments by a proportionate amount because one of the children reached the age of majority. However, if a lawful agreement is perfected which is in the best interest of the children, the child support award could be modified.
The record in this case is void of such agreement. We find that the parties had not agreed to a suspension or modification of the child support award. Furthermore, we find that Mrs. Eiermann’s action to make past due child support executory is proper and is owing prior to the children reaching their majority.
Notwithstanding the children’s age of majority, the trial court’s ruling as to past due child support is correct. The law relative to this matter is clear. In order to support the integrity of court judgments, we cannot “... condone a practice which would allow those east in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply”, Hal-comb, supra.
Further, the trial judge here recognized that the original support judgment required Thomas Eiermann to provide his wife with an automobile. Since December 1980, the $215.00 per month paid by Thomas Eiermann was the exact amount of the payment of the monthly car notes of Clelie Eiermann.
The trial court correctly found that the parties did not have an agreement to modify the child support judgment, however, since the oldest child did begin to live with his father the greater part of the time since December 1980, he equitably allowed the father a credit for the $215.00 per month that was paid to Clelie Eiermann representing her car note.
*806 Por the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.