GUIDRY, Judge.
Wilfred Guidry and Carlene Kay Guidry, now Carlene Davis, were divorced on January 11, 1980. The divorce decree granted the custody of the three minor children, Michael, Traci and Paul, to Carlene subject *1273 to reasonable visitation with Wilfred. Wilfred was ordered to pay child support in the amount of $115.00 per week.[1] In October of 1982, the oldest child, Michael, became a major. Thereafter, Wilfred unilaterally reduced his total support payments by one-third or to the sum of $310.00 per month, subsequently increasing same to $336.00 per month. Wilfred has since regularly made monthly payments in the latter amount. Carlene accepted these reduced support payments without incident until the summer of 1986. Presumably, Carlene determined at that time that Wilfred’s unilateral reduction in the child support payments may have been illegal and she consulted with the district attorney’s office in Calcasieu Parish. She ultimately assigned her child support rights to the State of Louisiana, through the Department of Health and Human Resources (hereafter DHHR), pursuant to La.R.S. 46:236.1 et seq. DHHR then notified Wilfred that he owed an arrearage of $8,692.00 as of September, 1986. In response to this notification, Wilfred filed a petition on September 15, 1986 seeking a reduction in child support from $494.50 per month to $336.00 per month, retroactive to January of 1982, and a stay of the “Service of Income Assignment Order and Notice of Delinquency” served pursuant to La.R.S. 46:236.3 B.
After a hearing on the merits, the trial court rendered judgment reducing child support from $115.00 per week or $494.00 per month to $336.00 per month, retroactive to January of 1982, and declaring that there are no arrearages for child support due Carlene. The trial court also held that Carlene had no standing to sue for any claims of support on behalf of her major child, Michael. Carlene and DHHR appealed.
On appeal, defendants urge the following as error:
1. The trial court erred when it held that Carlene had no standing to sue for any claims of support on behalf of her major child, Michael.
2. The trial court erred when it permitted the unilateral reduction of child support by a proportional amount retroactive to January of 1982.
Defendants first urge that the trial court erred when it ruled that Carlene had no standing to sue for any claims of support on behalf of her major son, Michael.
In his written reasons for judgment, the trial judge stated:
“This Court finds that Carlene Kay Gui-dry has not standing to sue for any claims of support for the major child, Michael Dean Guidry, (see Holcomb v. Holcomb [sic], 352 So.2d 1013 (La.1977).”
Although this is a correct statement of the law, it is not germane to the issue before the court. Appellants are not asserting any claim of support for the major child, Michael. Rather, appellants seek to have an in globo child support award, allegedly in arrears, recognized as valid and subject to being made executory in appropriate proceedings.
Our Supreme Court in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), recognized the mother’s right to seek judgment for such arrearages and distinguished that action from an action seeking support for a child over whom she had custody after the child has reached majority stating:
“And we decide also that the wife had the right under the authorities cited to sue for the past due child support payments. Article 3945 so states:
‘When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony.’
Here the wife was by the terms of the judgment awarded the sum of $100 per week ‘child support assistance’ and charged with the legal care, custody and control of the four children, issue of the marriage. These support funds were in *1274 tended to be paid to her to enable her to discharge the obligation of custody, the support of the children. She is therefore ‘the party entitled thereto’ and may proceed to have the amount of past due alimony determined and made executory because Article 3945 gives her the right.
[[Image here]]
... We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority; nor can she seek an increase of an award for the child’s future support after the child has reached majority. But this effect of a child’s majority does not apply to a motion by the mother to whom the award was made for the child’s support to have a child support award in arrears determined and made executory. The latter situation is distinguishable from the former in that an initial suit for support or a suit to increase a past award seeks to initiate a new claim on behalf of the adult child when the law has declared him capable of administering his own affairs and no longer entitled to child support; whereas, the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child’s minority.”
It is clear that Carlene and/or DHHR do have standing to proceed to have the amount of past due child support determined and, if there aye arrearages due, to have them made executory in an appropriate proceeding.
Appellants next contend that the trial court erred when it permitted the unilateral reduction of child support by a proportionate amount retroactive to January of 1982. We agree.
In Dubroc v. Dubroc, 388 So.2d 377, 378-379 (La.1980), the Louisiana Supreme Court commented on its decision in Hal-comb, supra, as follows:
“In Halcomb we held that a husband could not unilaterally reduce his child support payments by a proportionate amount because one of several children has reached the age of majority. The wife’s failure to complain during the six years between the custody decree and her rule to make past due child support executory was of no moment, for under settled law, the wife’s mere acquiescence in the husband’s failure to pay the full amount of support does not amount to a waiver. Pisciotto v. Cruda, 224 La. 862, 71 So.2d 226 (1954); Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89 (1950); Snow v. Snow, 188 La. 660, 177 So. 793 (1937). We stated in Halcomb,
‘Reduction of or discharge from a judgment condemning one to pay alimony must ... be sued for by the party against whom the judgment was rendered.... In the absence of such suit, however, the judgment cannot be altered or modified ... except in certain instances where the award is terminated by operation of law. An example of an automatic revocation of alimony is when an award in favor of a wife is revoked when she remarries.’ La.C.C. art. 160.
Our Halcomb opinion, though it dealt specifically with unilateral action by the husband to reduce his child support payments, may be read to apply to all cases in which the parties attempt to change the support award out of court.
Halcomb and the cases upon which Halcomb relies (e.g., Pisciotto, supra) rest on a strong policy in the area of child custody judgments to safeguard the sanctity of judgments and the orderly processes of law, and to prevent husbands from invoking ‘self-help.’ It is an effort by the courts to prevent overreaching by husbands compelled to pay estranged wives support for their children. The cases have interpreted Civil Code Article 232 to require this result, namely, to require parties to resort to the courts for any alteration in a custody decree.”
In finding no arrearages in child support, the trial court, in its written reasons for judgment relying on Dubroc, supra, stated that the reduction in child support was by *1275 agreement of the parties and was not detrimental to the minor children. We find Dubroc, supra, factually inapposite. In Dubroc, there was a mutual agreement among the parties to suspend the child support payments for one child while that child was being cared for in his father’s home. In Dubroc, supra, at page 380, the court stated:
“... an agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child. To allow the parent to suspend his right to receive support payments under circumstances contrary to the child’s interests, would be inimical to the ultimate goal of support and upbringing of the child. On the other hand, if the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child’s maintenance or upbringing or otherwise work to his detriment, the agreement should be enforceable.”
In the instant case, the record reflects no mutual agreement of the parties to either suspend or reduce child support and the trial court’s finding to the contrary was clear error. At best, the record indicates Carlene acquiesced in the reduction of child support because of her husband’s representation that he was at his attorney’s office on each occasion he called to discuss the reduction in child support. Because of this representation by Wilfred, Carlene concluded that the reduction was legal. The circumstances of this case are identical to those present in Halcomb. Accordingly, the unilateral reduction in child support by Wilfred was illegal and without effect.
We are unable to render a judgment for any arrearages in child support which may be owed to Carlene and/or DHHR, as such demand was not before the trial court and is not before this court on appeal, i.e., neither Carlene nor DHHR filed a motion to make arrearages executory nor did they reconvene alleging arrearages were owed to Carlene. However, we reserve the right of Carlene and/or DHHR to seek such relief in appropriate proceedings.
Appellants do not seriously contend that the trial court abused its much discretion in reducing the child support obligation of Wilfred from $115.00 per week to the sum of $336.00 per month. However, we conclude that such reduction should be made retroactive to the judicial demand for same. Therefore, we affirm the reduction in child support but amend the trial court judgment to order that child support owed to Carlene Kay Guidry by Wilfred Guidry be decreased from $115.00 per week, or $495.00 per month, to $336.00 per month, retroactive to September 15, 1986. In all other respects, the judgment of the trial court is reversed and set aside. Wilfred Guidry is cast for all costs at the trial level and on appeal.
AFFIRMED AS AMENDED IN PART; REVERSED IN PART.

. The judgment of January 11,1980 is not made part of the record. Presumably, the judgment awarded an in globo amount, i.e., $115.00 per week, rather than a specific amount for the support of each child. Plaintiff-appellee does not contend otherwise.