589 So.2d 95 (1991)
John Edwin SAVAGE, Plaintiff-Appellee,
v.
Glenda Sue SAVAGE, Defendant-Appellant.
No. 22915-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*96 Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendant-appellant.
Travis M. Holley & Associates by Travis M. Holley, Bastrop, for plaintiff-appellee.
Before MARVIN, C.J., and VICTORY and STEWART, JJ.
STEWART, Judge.
Glenda Sue Savage Hemphill (Hemphill) and Jennifer Savage (Jennifer) appeal from an adverse judgment dismissing their action for child support arrearages which they claim were due and owing from the time Jennifer turned eighteen years old on September 3, 1989 through September 6, 1990.
Appellants assert that the trial court erred by disregarding the language of LSA-R.S. 9:309 C which provides that child support may continue with respect to an unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, under the age of nineteen, dependent upon either parent, and unmarried. We disagree.

FACTS
Hemphill is the custodial parent of three children, born of her former marriage to John Savage (Savage). On February 26, 1980, Savage was ordered to make child support payments of $150 per month for the maintenance, care and support of the three children. Jennifer was the youngest of the three children provided for in the child support order. On January 24, 1986, the trial court ordered an increase in child support payments to $300 per month.
On October 28, 1987, Hemphill filed a petition seeking a judgment against Savage for child support arrearages in the amount of $1,375 together with interest and $500 in attorney's fees. The rule was set for December 3, 1987, however, the Sheriff of Morehouse Parish was unable to make service on Savage.
On December 22, 1987, Hemphill filed a petition seeking to make back child support executory and to have Savage held in contempt of court, together with interest and $500 in attorney's fees. Hemphill also requested that a new date be scheduled for a hearing on Hemphill's October 28, 1987 petition. After a February 4, 1988 hearing, the trial court entered judgment in favor of Hemphill and against Savage in the amount of $1,650, together with interest and attorney's fees in the amount of $300.
On July 18, 1990, Hemphill, joined by her daughter, Jennifer, petitioned the court for child support arrearages they claimed were due and owing from the time Jennifer turned eighteen on September 3, 1989 up through the date of the rule. The hearing was held on September 6, 1990 and the following stipulations of fact were made:
(1) Jennifer turned eighteen on September 3, 1989.

*97 (2) Jennifer, age nineteen, at the time of the hearing, was attending Bastrop High School.
(3) Jennifer was unmarried, a full-time student, and was dependent upon her mother for support.
(4) Savage had not paid $150 of the $300 per month child support ordered by the judgment which was due in January 1990. As of September 1, 1990, Savage was $2,100 in arrears of the January 1986 judgment if the court found that R.S. 9:309 entitled Mrs. Hemphill and Jennifer to a judgment for those amounts.
The trial court denied the petition and dismissed the action. The trial judge held that when Jennifer reached the age of majority on September 3, 1989, the order of judgment rendered in 1986 automatically terminated without any action on the part of Savage, therefore no arrearages or attorney's fees were owed.

DISCUSSION
LSA-C.C. Art. 227 provides, "fathers and mothers, by the very act of marrying, contract the obligation of supporting, maintaining, and educating their children." This alimentary obligation of the parent includes what is necessary for the nourishment, lodging, and support of the child who claims it. It includes the education when the child to whom the child support is due to a minor, or when the child to whom child support is due to a major who is a full-time student in a secondary school, has not attained the age of nineteen, and is dependant upon either parent. LSA-C.C. Art. 230.
This general obligation of parental support owed to a child is amplified by the legislative enactment of LSA-R.S. 9:309 which was designed to clarify the law with respect to when and how court ordered child support terminates. The statute provides as follows:
Termination of child support upon majority: exception
A. When an order or judgment awards child support in a specific amount per child, said child support award for said child shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award upon said child's attaining the age of majority.
B. When an order or judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award when the youngest for whose benefit the award was made attains the age of majority.
C. An order or judgment of child support may continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. The major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection.
The general purpose of this statute is to provide a clear and orderly procedure for child support to terminate when the child reaches majority regardless of whether the support order provided a specific amount per child or was an in globo award. One benefit of this statute is to curtail the amount of time and expense devoted to these frequently litigated issues. See e.g., Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977). When the unmarried child between ages eighteen and nineteen is dependent upon either parent due to full-time secondary schooling, Subsection 309 C creates an exception to the automatic termination rules set forth in Subsections 309 A and 309 B. Unlike Subsections 309 A and 309 B, the exception provision contains no automatic or self-activating language. Our research reveals no reported cases construing this provision. The issue presented of whether a major child, upon reaching the age of majority, must petition the court pursuant to Subsection 309 C to have child support continued or whether such child support continues to accrue by operation of law is also res nova.
*98 Appellant argues that Subsection 309 C does not require the child to bring her own cause of action to continue child support, assuming that she otherwise meets the dependency criteria. Appellee contends that the legislative intent is for the child to bring the cause of action separately because of the mandatory language of Subsection 309 C that the major child shall be the proper party to enforce an order or judgment in court. The trial court agreed with appellee's contention and concluded that, had the legislature intended otherwise, such mandatory language would not have been used.
The record reveals that there was no order or judgment for child support to continue beyond the age of majority. It is undisputed that Jennifer is the youngest of three children for whom an in globo award was ordered and that she otherwise satisfied the dependency criteria required by Subsection 309 C. Our analysis is guided by LSA-C.C. Art. 10 which provides:
Art. 10. Language is susceptible of different meanings
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Given the different meanings ascribed to the statute by counsel, we find that appellee's position best conforms to the purpose of the law. Since the purpose of the subsection at issue was to create an exception to the general rule of automatic termination of child support at the child's majority, we find that the legislature intended for the child to affirmatively invoke the right to continued child support by establishing the Subsection 309 C eligibility criteria through a judicial proceeding. The statute contemplates that a judicial action to continue child support under Subsection 309 C should be brought on behalf of the unmarried minor child prior to its automatic termination. Once the court orders continuation of the child support, the major unmarried child is the proper party to enforce the order or judgment of child support. The express language of Subsection 309 C whereby the major child is made the proper party to enforce an order or judgment in court supports this conclusion.
We agree with the trial court's holding that John Savage's obligation to pay child support terminated when Jennifer reached the age of majority because she did not invoke a separate judicial proceeding to determine her eligibility for continued child support. In the absence of such a proceeding, there are no arrearages or attorney's fees due. When Jennifer reached the age of eighteen on September 3, 1989, the in globo award of child support was terminated by operation of law pursuant to Subsection 309 B.

CONCLUSION
Based on this record, the trial court did not err in holding that an in globo award of child support automatically terminated when Jennifer reached the age of majority and that LSA-R.S. 9:309 C requires the child to bring a timely petition for continuation of child support in a separate judicial proceeding. Accordingly, we affirm the trial court judgment rejecting appellants' claim for child support arrearages and attorney's fees at their costs.
AFFIRMED.