LANDRIEU, Judge.
Michael Bordenave appeals from a judgment requiring him to pay an increased amount of child support for his minor children. We are asked to determine whether the trial court abused its discretion in finding a substantial change in circumstances warranting an increase in child support.
FACTS
Michael Bordenave and Sheila Cantrell Bordenave were married on September 1, 1969. Three children were born of this marriage, Michelle Bordenave (major), Cherise Bordenave, and Michael Bordenave. Mrs. Bordenave filed a Petition for Separation from Mr. Bordenave on November 16, 1988. A consent judgment was rendered on March 17, 1989[1] ordering Mr. Bordenave to pay child support for his two minor children in the amount of $670.00 per month plus $178.00 per month as a part of the community home mortgage. The judgment further provided that Sheila Bordenave shall take the interest paid on the house for tax purposes and that Michael Bordenave would take the children as a deduction on the federal taxes. On the same date as the consent judgment was rendered, a motion for a new trial on the Rule to Establish Support was granted.
Following a two day hearing on the rule,[2] a judgment was signed on June 28,1989 reducing the child support payments to $650.00 per month[3] and vacating the previous order requiring Mr. Bordenave to pay a portion of the house note. The judgment further provided a reduction of $340.00 per month in child support while the children lived with Michael Bordenave during the summer months.
Alleging there has been a material change in circumstances since the rendition of judgment, Mrs. Bordenave filed a Rule to Increase Child Support on June 4, 1992. In particular, she averred that both the income of Mr. Bordenave had increased and the children’s tuition and school expenses had increased. Following a hearing on the rule, a judgment was rendered on January 6,1993 increasing the child support from $650.00 to $849.56 per month, retroactive to the date of *520 filing. The judgment further ordered Mr. Bordenave to pay 55.6% of any and all un-reimbursed medical expenses of the children. Mr. Bordenave’s motion for new trial was denied. It is from that judgment that he now appeals.
Subsequent to the judgment being appealed, Mr. Bordenave filed a Rule to Reduce Support alleging that his financial circumstances have deteriorated since the January 6, 1993 judgment.[4] The record is devoid of any judgment on this rule.
DISCUSSION
Mr. Bordenave argues the trial court committed manifest error in modifying the child support award where only a small increase in income had been proven. Second, he argues the trial court committed manifest error in concluding that the voluntary assumption of the expenses of a second marriage constituted additional resources available to pay child support. Finally, Mr. Bordenave argues the trial court committed manifest error in finding a significant change in circumstances based upon an increase in educational expenses, i.e., changing the minor children from one private school to another more expensive private school without discussion or the consent of the other parent and without any showing in the record that the more expensive private school was to meet the particular educational needs of the minor children.
The modification of a support award is governed by La.Rev.Stat.Ann. § 9:311 (West 1991) which provides in part that:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
The courts of appeal in Louisiana have continued to demand the showing of a substantial change in circumstances as a prerequisite for modifying child support judgments. Crowder v. Crowder, 595 So.2d 810 (La. App.2d Cir.1992), writ denied 598 So.2d 358 (La.1992). In order to warrant modification of a child support award, the petitioning party logically must show that circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought, i.e., a parent seeking an increase in payments should be required to demonstrate an improvement in the payor’s financial condition, or greater needs by the minor. Any other approach would defy reason and produce absurd results. Id. at 812.
Absent a clear abuse of trial court’s discretion, the modification of an award of child support will not be disturbed on appeal. Mathers v. Mathers, 579 So.2d 503 (La.App. 4th Cir.1991).
In the instant case, there has been a substantial change in circumstances warranting an increase in child support. The income of the parties has increased, Mr. Bordenave’s salary increased from $41,523.61 in 1989 to $42,702.40 in 1991 and Mrs. Bordenave’s reported income for 1991 was $34,080.36; Mr. Bordenave voluntarily assumed the expenses of his second marriage, which suggest additional resources available; and the children’s educational expenses have increased.
Since we find no abuse of the trial court’s discretion, the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with reasons.

. The consent judgment on the rule for support was consented to on January 31, 1989 in open court.

. The rule was heard on April 11, 1989 and May 17, 1989.

.The reduction in child support was retroactive to December 1, 1988.

. Mr. Bordenave alleges that his salary has been garnished by the Internal Revenue Service for an income tax liability that arose during the community of acquets and gains previously existing between the parties to this suit. He contends that his gross salary has decreased from $3,565 per month to $2,860 per month.