659 So.2d 826 (1995)
Elaine Carter, Wife of Joseph A. FREEMAN
v.
Joseph A. FREEMAN.
No. 95-CA-179.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 1995.
*827 Roger I. Dallam, Gretna, for plaintiff/appellant.
Ralph D. Hillman, Thibodaux, for defendant/appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
Elaine Carter Freeman appeals the dismissal of her rule to make child support arrearages executory. We reverse and remand, for the reasons that follow.
Elaine Freeman and Joseph Freeman were divorced in 1979 by a judgment which ordered Joseph to pay $75.00 per week child support for the parties' minor daughter, Lavonne Freeman. Joseph failed to make the child support payments as ordered. To obtain the past-due support, Elaine repeatedly filed rules to enforce payment of child support. She won judgments making past-due child support executory in 1983 ($10,140.00), 1984 ($2,625.00), and 1989 ($18,600.00), and obtained garnishment of Joseph's wages to satisfy the 1989 judgment.
On August 15, 1994, Elaine filed yet another rule to make past-due support executory, for support payments due from the date of the last judgment (June 8, 1989) until Lavonne's 19th birthday (December 19, 1991), a total of $9,900.00.[1] Joseph filed an exception of no right of action, contending that Lavonne had attained the full age of majority on December 17, 1990 and that pursuant to La.R.S. 9:309 and La.R.S. 9:315.22, Lavonne was the proper party to sue for the past due support. The trial court maintained the exception and dismissed the pending rule for support arrearages. From that judgment Elaine takes this appeal.
On appeal Elaine Freeman raises the following assignments of error:
The trial court erred in dismissing the rule for support arrearages insofar as the rule sought executory judgment for support during the final eighty weeks of the child's minority.
The trial court erred in dismissing the rule for support arrearages insofar as the rule sought executory judgment for support during the period between the child's eighteenth and nineteenth birthdays.
These assignments raise several questions regarding application of the relevant codal and statutory law: (1) Who is "the party entitled to" arrearages which accrued prior to Lavonne's 18th birthday? (2) Is an action to make child support arrearages executory an "action for incidental relief" in a divorce proceeding, as intended by La.R.S. 9:387, so that La.R.S. 9:315.22 applies rather than La. R.S. 9:309? (3) If so, who is the proper party to enforce continuation of child support past Lavonne's 18th birthday?
La.Code Civ.P. art. 3945 provides that when payment of support under a judgment is in arrears, "the party entitled thereto may proceed by contradictory motion to have the amount of past due support determined and made executory." The trial judge concluded that "the party entitled" to the arrearages is Lavonne Freeman, who is now a major, and *828 that Elaine has no right of action to bring this proceeding.
In Halcomb v. Halcomb, 352 So.2d 1013, 1017 (La.1977), our supreme court stated,
Here the wife was by the terms of the judgment awarded the sum of $100 per week "child support assistance" and charged with the legal care, custody and control of the four children, issue of the marriage. These support funds were intended to be paid to her to enable her to discharge the obligation of custody, the support of the children. She is therefore "the party entitled thereto" and may proceed to have the amount of past due alimony determined and made executory because Article 3945 gives her the right.
* * * * * *
We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority; nor can she seek an increase of an award for the child's future support after the child has reached majority. But this effect of a child's majority does not apply to a motion by the mother to whom the award was made for the child's support to have a child support award in arrears determined and made executory. The latter situation is distinguishable from the former in that an initial suit for support or a suit to increase a past award seeks to initiate a new claim on behalf of the adult child when the law has declared him capable of administering his own affairs and no longer entitled to child support; whereas, the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child's minority.
As set forth in Art. 3945 and Halcomb, it is the right of the parent to whom support is due under an existing judgment to obtain a judgment in that parent's favor for arrearages. See also: Rester v. Manuel, 619 So.2d 655 (La.App. 5th Cir.1993), writ denied, 625 So.2d 172 (La.1993); State v. Fontenot, 587 So.2d 771 (La.App. 2nd Cir.1991); Guidry v. Guidry, 535 So.2d 1272 (La.App. 3rd Cir.1988). Accordingly, Elaine is "the party entitled to" the arrearages accruing prior to Lavonne's 18th birthday.
Fathers and mothers have an obligation to support, maintain and educate their children. La.Civ.Code art. 227. This alimentary obligation includes the education of their children while the children are minors, as well as "a major who is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent." La.Civ.Code art. 230(B).
For purposes of child support awards La. Civ.Code Art. 230 is implemented by La.R.S. 9:315.22, which provides in pertinent part:
A. When there is a child support award in a specific amount per child, the award for each child shall terminate automatically without any action by the obligor upon each child's attaining the age of majority, or upon emancipation relieving the child of the disabilities attached to minority.
* * * * * *
C. An award of child support continues with respect to any unmarried child who attains the age of majority ... as long as the child is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. Either the primary domiciliary parent or the major or emancipated child is the proper party to enforce an award of child support pursuant to this Subsection. [Emphasis added.]
Under this statute Joseph would owe support up to Lavonne's 19th birthday, and both Elaine, as the domiciliary parent, and Lavonne, as the major child, would have the right to proceed for payment of the support.
Joseph, however, contends that La.R.S. 9:315.22 does not apply to this case because it did not become effective until January 1, 1994, while the original judgment awarding the child support sought in this proceeding was rendered in 1979. Joseph further contends that the right to pursue child support for the period between Lavonne's 18th and 19th birthdays lies exclusively in Lavonne. *829 La.R.S. 9:315.22 was enacted by the Child Custody and Support Revision Act, Acts 1993, No. 261, § 7, eff. Jan. 1, 1994. Under La.R.S. 9:387, that Act "does not apply to actions for separation from bed and board or divorce or actions for incidental relief commenced before January 1, 1994, or to reconventional demands thereto, whenever filed. Such actions are to be governed by the law in effect prior to January 1, 1994."
The law in effect prior to January 1, 1994 was La.R.S. 9:309, which provided in pertinent part:
C. An order or judgment of child support may continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. The major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection. [Emphasis added.]
If La.R.S. 9:309 is applied, only Lavonne would have the right to pursue the arrearages. Joseph contends La.R.S. 9:309 must be applied, asserting that this proceeding is an incidental action which commenced before January 1, 1994, in that it is an action to make executory arrearages that arose from a pre-1994 judgment.
Elaine, on the other hand, argues that an action to make child support arrearages executory is not an incidental matter arising out of divorce, as defined in La.Civ.Code art. 105.[2] Alternatively, she points out that the action for arrearages was not "commenced" before January 1, 1994, because it was not filed until August 1994, so that La.R.S. 9:315.22 must be applied.
We agree with Elaine's argument and find the trial court erred in its interpretation of the statutes.
First, an action to enforce arrearages of a pre-existing support order is an incidental matter following a divorce proceeding and is separate from the action to obtain an order of support. Accordingly, the filing date of the motion for enforcement is the date to be used to determine whether La.R.S. 9:315.22 applies. In this case the rule to make arrearages executory was filed after January 1, 1994; thus, La.R.S. 9:315.22 applies and both Elaine and Lavonne have the right to proceed for enforcement of support between Lavonne's 18th and 19th birthdays. Second, they are entitled to the support which was owed under the 1979 judgment, and did not have to seek a new order when Lavonne attained age 18.
Although we are cognizant of Savage v. Savage, 589 So.2d 95 (La.App. 2nd Cir.1991), we decline to follow that decision. In Savage the second circuit held that the child was required to bring a timely petition in a separate judicial proceeding to determine her eligibility for continued child support after majority. We distinguish that case. First, the Savage case interpreted La.R.S. 9:309 rather than La.R.S. 9:315.22 and the Legislature varied the language in La.R.S. 9:315.22 slightly from that in La.R.S. 9:309. La.R.S. 9:309(C) stated that "[a]n order or judgment of child support may continue" past the age of majority as long as the child met the conditions of the statute. (Emphasis added.) La.R.S. 9:315.22(C) states, "An award of child support continues" while the child meets the statutory conditions. (Emphasis added.) La.R.S. 9:315.22 clearly contemplates not a new order of support but a continuation of the order which is in existence at the time the child turns 18. Further, not only does Subsection C contain the word "continue," it also speaks of enforcement of an awardrather than obtaining an awardby "[e]ither the primary domiciliary parent or the major or emancipated child."
Accordingly, the trial court erred in dismissing Elaine's action for arrearages. Elaine is the party entitled to arrearages for *830 past-due payments which accrued prior to Lavonne's 18th birthday. Further, neither Elaine nor Lavonne was required to file a separate action to continue child support past Lavonne's 18th birthday; the 1979 child support order which was then in effect continued past Lavonne's 18th birthday and terminated automatically on Lavonne's 19th birthday. Elaine has the right to seek arrearages for any past-due child support payments which accrued until Joseph's liability was terminated by Lavonne's attaining age 19.
Finally, Elaine seeks an award of attorney's fees for prosecution of this appeal, citing La.R.S. 9:375. La.R.S. 9:375(A) provides, "When the court renders judgment in an action to make executory past-due payments under a ... child support award, ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." At this stage of the proceedings, therefore, an award of attorney's fees would be premature. Since the merits of Elaine's action for past due child support have not yet been determined, she is not yet entitled to attorney's fees. The issue of attorney's fees must be addressed by the trial court in ruling on the merits of the action.
We note, in closing, that Joseph informed the court in his brief that he has filed an exception of prescription in the trial court. The trial court has not yet ruled upon that exception, however, so it is not before us on this appeal.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with the views expressed in this opinion. Costs of this appeal are assessed against Joseph Freeman.
REVERSED AND REMANDED
NOTES
[1] Lavonne was still a full-time secondary student at the time of her 19th birthday. Therefore, the obligation to pay child support continued until her 19th birthday. La.Civ.Code art. 230; La. R.S. 9:309 (repealed); La.R.S. 9:315.22.
[2] Art. 105 is titled "Determination of incidental matters" and states,

In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the family home or use of community movables or immovables; or use of personal property.