| iLOBRANO, Judge.
Sandra Pilet Hartmann filed a petition for separation from her husband, William Hart-mann, Jr., on May 21, 1990. On June 26, 1990, the parties signed a consent judgment which set forth provisions for child support, custody, visitation, community obligations and mortgage payments. On July 26, 1991, the trial court rendered judgment granting a divorce in favor of Mr. Hartmann and setting forth the obligations of each party. This judgment included a provision in which Mr. Hartmann was ordered to pay Mrs. Hart-mann child support for the minor children of the marriage, David, Scott, and Darren, in the sum of $200.00 per week, based on $66.67 per child per week, which support was to be continued for the minor child, David, until he completed high school or turned nineteen, whichever occurred first. The child whose support is at issue in this case is Scott who was born on September 29, 1977, and who was eighteen when his mother filed the motions discussed below. The judgment eon-tained no conditions with respect to the termination of his support beyond eighteen.
On December 6,1995, Mrs. Hartmann filed motions for past due child support, contempt and attorney’s fees, and wage assignment. A motion to increase child support was filed but was subsequently withdrawn. Mrs. Hart-mann ^alleged that Mr. Hartmann ceased paying child support for their son, Scott, and that he was $266.68 in arrears at the time these motions were filed. She asked that the court render an executory judgment for that amount and for any additional amount for which Mr. Hartmann is delinquent. According to Mrs. Hartmann, her attorney mailed a letter to Mr. Hartmann on October 27, 1995 explaining that the support obligation for their son Scott continues until Scott completes high school or reaches the age of nineteen, whichever occurs first. Mr. Hart-mann informed his former wife that he would not make any further child support payments for Scott. Scott reached the age of 18 on September 29,1995.
Mrs. Hartmann prayed that Mr. Hartmann be found in contempt of court for failure to make his child support payments and that he be ordered to pay attorney’s fees and court costs. She argued that because her former husband was more than thirty days in arrears she was entitled to a wage assignment.
Mr. Hartmann filed exceptions of no right of action, improper use of summary procedure and no cause of action. In his exception of no right of action, he claimed that Mrs. Hartmann has no right to seek continued child support for their second son, Scott, on his behalf because once he reached the age of majority, i.e. eighteen, only he has the right to sue his father for support. In his exception of improper use of summary procedure, he argued that his former wife may not bring a rule to establish support between an adult father and his major child, when the former order for child support was performed and expired when the child reached the age of majority. In the exception of no cause of action, Mr. Hartmann argued that Mrs. Hartmann did not plead acts which, if true, would justify a finding that circumstances had changed or a finding of contempt.[1]
*559 13Judgment was rendered on January 10, 1996 denying Mr. Hartmann’s exceptions of no right of action, improper use of summary procedure and no cause of action. He was found to be in arrears in the sum of $866.71 for the support of his son, Scott, which said amount was made executory. He was also ordered to pay the costs of these proceedings. The judgment also provided that unless Mr. Hartmann paid, in full, the $866.71 arrearage plus the $85.00 court costs by January 11,1996, then a wage assignment would issue immediately against him ordering his employer to withhold the maximum amount allowed by law from his paycheck.
In oral reasons given at the hearing, the trial judge noted that Mrs. Hartmann’s motions were filed after her son Scott reached the age of eighteen. The trial judge found that R.S. 9:315.22, which became effective January 1, 1994, controls rather than the prior law embodied in R.S. 9:309. Relying on the case of Freeman v. Freeman, 95-179 (La.App. 5th Cir. 7/25/95), 659 So.2d 826, the trial court found that if a child turns eighteen and a request for the enforcement of continuation of support is made after January 1, 1994, then the provisions of R.S. 9:315.22 support the continuation of the child support order which was in existence when the child turned eighteen as long as the child meets the conditions of the statute.
Mr. Hartmann appeals the trial court judgment.
R.S. 9:309, which was in effect prior to January 1, 1994 and repealed on that date, stated, in pertinent part:
A. When an order or judgment awards child support in a specific amount per child, said child support award for said child shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award upon said child’s attaining the age of majority.
C. An order or judgment of child support may continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. The major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection.
R.S. 9:315.22 was added by Acts 1993, No. 261 § 7, effective January 1, 1994 and states as follows, in pertinent part:
A. When there is a child support award in a specific amount per child, the award for each child shall terminate automatically without any action by the. obligor upon each child’s attaining the age of majority, or upon emancipation relieving the child of the disabilities attached to minority.
* * * * * *
C. An award of child support continues with respect to any unmarried child who attains the age of majority, or to a child who is emancipated relieving the child of the disabilities attached to minority, as long as the child is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. Either the primary domiciliary parent or the major or emancipated child is the proper party to enforce an award of child support pursuant to this Subsection.
R.S. 9:387 states:
Acts 1993, No. 261 does not apply to actions for separation from bed and board or divorce or actions for incidental relief commenced before January 1, 1994, or to re-conventional demands thereto, whenever filed. Such actions are to be governed by the law in effect prior to January 1, 1994.
On appeal, Mr. Hartmann argues that the trial court erred in applying R.S. 9:315.22 to the facts of this case rather than applying former R.S. 9:309. RHe argues that his exceptions of no right of action and no cause of action[2] should have been maintained because his former wife does not have the right to act on behalf of the major child and there is no *560 cause for continuing the support order after the obligation was allegedly extinguished through payment.
In Freeman v. Freeman, supra, the Fifth Circuit was presented with similar facts and issues as in this case. In Freeman, the court held that an action to enforce arrearage of a pre-existing support order is an incidental matter following a divorce proceeding and is separate from the action which obtained an order of support. Freeman, supra. The court held that the filing date of the motion for enforcement is the date to be used to determine whether R.S. 9:315.22 applies. Id.
In this case, the motion for enforcement of the child support order was filed after January 1, 1994, i.e. December 6, 1995. Under the rationale of Freeman, La. R.S. 9:315.22 would be applicable in this ease and both Mrs. Hartmann and Scott Hartmann had the right to seek support for Scott for the period between his eighteenth and nineteenth birthdays. The evidence is uncontroverted that Scott fulfilled all the requirements of R.S. 9:315.22 at the time of the hearing because he was a full-time student in good standing in a secondary school, had not attained the age of nineteen and was dependent on his parents for support.
Mr. Hartmann, however, argues that this court should decline to follow the Freeman case and should instead follow the holding of Savage v. Savage, 589 So.2d 95 (La.App. 2nd Cir.1991). The Freeman court declined to follow Savage because it interpreted R.S. 9:309 rather than R.S. 9:315.22. In 16fact, the Savage decision was rendered before R.S. 9:315.22 was enacted. Mr. Hartmann claims he is entitled to rely on the provisions of R.S. 9:309 because the original action for support commenced in 1990 when the petition for separation was filed. The Freeman court rejected that same argument and held that an action to enforce arrearage of a preexisting support order is an incidental matter which is separate from the original action to obtain an order of support. Freeman, supra. For the same reasons, we decline to follow Savage.
Mr. Hartmann further relies on Bennett v. Bennett, 95-152 (La.App. 3rd Cir. 5/31/95), 657 So.2d 413 in support of his position.- In Bennett, our brethren of the Third Circuit concluded that Act 261 was not applicable in a child custody dispute[3] because the “litigation” commenced prior to January, 1994, even though the actual rule to change custody was filed after that date. We are not persuaded by the Bennett decision for several reasons. First, the opinion is clear that the litigants did not make serious arguments as to applicability of Act 261. The Court’s opinion does not discuss the issue other than to state that the “litigation” was commenced prior to January 1994. Second, it is apparent that the court’s conclusion is dicta since a footnote suggests that the court’s ultimate holding would be the same irrespective of which law would be applicable.
Finally, Mr. Hartmann relies on the language of R.S. 9:309 which states that “an order or judgment of support may continue ” past the age of majority as long as the child meets the conditions of that statute. He argues that an order for continuation must be sought before the support obligation terminates upon the child’s attaining the age of majority. However, R.S. 9:315.22, the applicable law in this case, does not state that the support order may continue past the age of ^majority. Rather, the statute provides that “an award of child support continues ” past the age of majority, making this continuation automatic provided the child meets the requirements of the statute. Mrs. Hartmann is not requesting a new order for child support or a modification of the pre-existing support order; rather, she is asking for the enforcement of her right under R.S. 9:315.22 to have the pre-existing order of child support continue to Scott’s nineteenth birthday. Her filing of the motion for enforcement of continuing child support after Scott reached the age of majority did not make the filing of this motion untimely. The judgment ordering Mr. Hartmann to pay continued support for Scott until his nineteenth birthday does not revive an obligation which was already satisfied. Under the terms of R.S. 9:315.22, this obligation was not satisfied when Scott *561 reached the age of majority because he met the conditions of Section C of that statute thereby making Mr. Hartmann obligated for continuation of support until Scott’s nineteenth birthday.
In this court’s recent decision of Blanque v. Blanque, 95-2012 (La.App. 4th Cir. 4/3/96), 671 So.2d 567, La. R.S. 9:315.22 was cited as the applicable law in a case where the parties were divorced in 1982 and a child support order was issued at that time and amended several times thereafter. In 1995, after the parties’ child reached the age of eighteen, a motion for continuation of child support was filed and was decided based on the provisions of La. R.S. 9:315.22. Although the applicability of La. R.S. 9:315.22 was not at issue in the Blanque case, the fact’ remains that this court has applied La. R.S. 9:315.22 in a case where the motion for enforcement of a child support order was filed after January 1,1994 even though the original support orders were rendered prior to that date.
IsAccordingly, for the reasons assigned in Freeman v. Freeman, supra and the additional reasons given herein, we hold that La. R.S. 9:315.22 is applicable to the instant case. The judgment of the trial court is affirmed.
AFFIRMED.

. Mr. Hartmann also filed an exception challenging the constitutionality of La. R.S. 9:315.22. He later dismissed this exception.

. Mr. Hartmann did not challenge the trial court’s ruling on his exception of improper use of summary procedure.

. Act 261 changed numerous domestic relations laws, including custody. Mr. Hartmann argues that the Bennett interpretation of that Act is applicable to any of its provisions.