694 So.2d 1129 (1997)
Lenis A. AUTHEMENT, Jr.
v.
Sharlen Lafont AUTHEMENT.
No. 96 CA 1289.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
*1130 Rebecca N. Robichaux, Raceland, for Plaintiff/Appellant Lenis A. Authement, Jr.
Jerri G. Smitko, Houma, for Defendant/Appellee Sharlen Lafont Authement.
Before GONZALES and KUHN, JJ., and CHIASSON[1] J. Pro Tem.
KUHN, Judge.
Plaintiff-appellant, Lenis A. Authement, Jr., appeals the trial court's decision in a family dispute involving child support and visitation. The court ordered Mr. Authement to pay increased child support, child support arrearages, and attorney's fees. We affirm.

*1131 I. ISSUES PRESENTED
The issues presented in this appeal are:
1. Does the support obligation addressed in La. R.S. 9:315.22C for a major child under the age of nineteen, who is a full-time student in good standing in a secondary school, become effective when the child meets these eligibility requirements, or does the obligation become effective only after suit is filed (by the primary domiciliary parent or the child) seeking these support payments?
2. Do the facts of this case establish the major child was in "good standing" in a secondary school and is "dependent" upon her mother?
3. Do the factors of the increase in the incomes of the mother, the father, and the father's second wife, along with the major child becoming ineligible for continued support, constitute a "substantial change in circumstances," warranting a recalculation of the father's support obligation to his minor child?
4. When should a trial court deviate from the statutory guidelines for calculating a support obligation pursuant to La. R.S. 9:315.1, based upon a party's claim that he has other dependent children to support, who are not the subject of the action before the court and who are in that party's household?
5. Does the record support the trial court's implicit finding of "good cause" not to award attorneys' fees to the prevailing party in this action to enforce child visitation rights pursuant to La. R.S. 9:375?

II. FACTS AND PROCEDURAL BACKGROUND
Mr. Authement married defendant-appellee, Sharlen Lafont Authement, on June 15, 1974. Two children, Sadie and Roman Authement, were born of the marriage. Sadie was born on September 21, 1976, and Roman was born on December 21, 1983. Mr. Authement filed a petition for divorce during June of 1988, and a judgment of divorce was signed on June 29, 1988. Pursuant to that judgment, the court ordered the parties would have joint custody of Sadie and Roman, with the physical custody of the children given to Mrs. Authement. Mr. Authement was ordered to pay support in the amount of $200.00 per month for each child. The judgment further provided for alternate, weekend visitation by Mr. Authement, and stated Mr. Authement was responsible for all of the children's medical and dental expenses.
In response to a rule to increase child support filed by Mrs. Authement, the parties entered into a consent judgment, which was signed on December 17, 1991. This judgment increased Mr. Authement's child support obligation, ordering him to pay $350.00 per month for each child.
On January 6, 1995, Mrs. Authement filed a rule for contempt claiming Mr. Authement was in contempt for failing to pay child support. Mrs. Authement asserted she was entitled to recover support for eighteen-year old Sadie while Sadie was enrolled in secondary school and had not reached the age of nineteen. Mrs. Authement also asserted she was entitled to recover reimbursement for medical expenses. Mrs. Authement requested that Mr. Authement be found in contempt of court for his failure to pay child support and medical expenses, and that he be ordered to pay the attorneys fees she incurred in urging the rule.
In response, Mr. Authement filed a rule alleging Mrs. Authement "has refused to allow, has interfered with and/or has not encouraged" Roman to visit with his father, and requesting that Mrs. Authement be found to be in contempt of court.[2] Mr. Authement maintained he was not obligated to pay child support for Sadie after she attained the age of majority.
On June 8, 1995, Mrs. Authement also filed a rule to increase child support. She asserted that since Sadie had reached the *1132 age of eighteen and had graduated from high school, Mr. Authement's child support obligation for Sadie has ceased, resulting in additional funds available to pay increased child support for Roman.
The trial court considered the pending rules on June 9, 1995. In oral reasons for judgment, the trial court found Mr. Authement's obligation to pay support did not automatically terminate when Sadie reached the age of eighteen. Based on La. R.S. 9:315.22 C, the trial court found the $350.00 monthly child support continued as long as Sadie was enrolled in a secondary school in good standing, had not attained the age of 19, and was dependent upon either parent. The court found Sadie met this criteria for five months, and that Mr. Authement owed a total of $1,750.00 in back due support. Based on a stipulation by the parties regarding back due medical expenses, the court rendered an award of $358.92. Accordingly, a judgment of $2,108.92 was rendered in favor of Mrs. Authement for the child support and medical arrearages. The trial court also found Mr. Authement to be in contempt of court for terminating child support payments for Sadie, and ordered him to pay attorney's fees in the amount of $500.00.
The court determined Mrs. Authement had not been "affirmatively encouraging and making sure that Mr. Authement gets his visitation" with Roman. The court found Mrs. Authement had been allowing Roman to decide for himself whether he wanted to visit his father. After directing Mrs. Authement to enforce the visitation, the trial court found her actions were a violation of the previous visitation order and constituted contempt. Both parties were sentenced to sixty days in the parish jail, with the sentences suspended upon compliance with future orders of the court. The court deferred imposition and execution of the sentences.
In addressing Mrs. Authement's request for increased child support, the court found there had been a change of circumstances based upon an increase in Mr. Authement's income. The trial court then recalculated Mr. Authement's child support obligation to Roman, increasing it from $350.00 per month to $536.00 per month, and concluded there were no outstanding or unusual circumstances warranting deviation from the child support guidelines.
On February 14, 1996, a written judgment was signed in accordance with the oral reasons. Mr. Authement has appealed, raising the following assignment of errors:
1) The trial court erred in continuing an award of support for a major child under R.S. 9:315.22(C) retroactive to a pre-petition date.
2) The trial court erred in continuing an award of support to Sharlen Authement for a major child without a finding of "good standing" and dependency upon either parent for support.
3) The trial court erred in finding a change of circumstances to justify an award increasing child support for the minor child.
4) The trial court erred in awarding an increase in the child support obligation for the minor child without any consideration to deviate from the guidelines in consideration of Lenis Authement's obligation to his second family.
5) The trial court erred in finding Sharlen Authement in contempt for interference of (sic) Lenis Authement's visitation rights by failing to award attorney fees for the enforcement of said visitation rights.

III. ANALYSIS

A. Support Obligation for a Major Child
Fathers and mothers have the obligation to support, maintain and educate their children. La. C.C. art. 227. This alimentary obligation includes the education of their children while they are minors, as well as "a major who is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent." La. C.C. art. 230(B); Freeman v. Freeman, 95-179, p. 3 (La.App. 5th Cir. 7/25/95); 659 So.2d 826, 828.
The obligation to support is also imposed by La. R.S. 9:315.22, which provides in pertinent part:
A. When there is a child support award in a specific amount per child, the award *1133 for each child shall terminate automatically without any action by the obligor upon each child's attaining the age of majority....
* * * * * *
C. An award of child support continues with respect to any unmarried child who attains the age of majority ... as long as the child is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. Either the primary domiciliary parent or the major or emancipated child is the proper party to enforce an award of child support pursuant to this Subsection. (Emphasis added.)
Prior to January 1, 1994, La. R.S. 9:309C provided:
An order or judgment of child support may continue with respect to any unmarried child who attains the age of majority as long as the child is a full-time student in a secondary school, has not attained the age of nineteen, and is dependent upon either parent. The major child shall be the proper party to enforce an order or judgment of child support which is continued beyond the age of majority pursuant to this Subsection.
Although appellant cites both La. R.S. 9:315.22C and 9:309C in support of his arguments, we note the filing date of Mrs. Authement's rule for contempt, wherein she sought enforcement of the support obligation, is the date to be used to determine which statutory provision is applicable. Freeman v. Freeman, 659 So.2d at 829. Since the rule for contempt was filed on January 6, 1995, La. R.S. 9:315.22C is applicable.
Sadie became eighteen on September 21, 1994. The record establishes Mr. Authement paid support through September of 1994, but ceased paying support for Sadie after that time. Mr. Authement contends 1) he does not owe additional support for Sadie because she is not eligible pursuant to the terms of La. 9:315.22C and 2) if he does owe support for Sadie under this statute, that obligation did not begin until Mrs. Authement or Sadie petitioned the court requesting he pay such support.

1. Continuing Obligation of Support
Mr. Authement contends his obligation to support Sadie automatically terminated upon her reaching eighteen pursuant to the terms of La. R.S. 9:315.22A, and that La. R.S. 9:315.22C does not contain "automatic or self-activating language" to trigger the continuance of the support obligation. Mr. Authement also contends La. R.S. 9:315.22C does not authorize a retroactive award of support. Mrs. Authement did not petition the court to determine Sadie's eligibility for continued child support until January 6, 1995, two and one-half months after Sadie became eighteen. Thus, Mr. Authement contends Mrs. Authement can not recover support for that two and one-half month period.
Appellant relies on the case of Savage v. Savage, 589 So.2d 95 (La.App. 2d Cir.1991). In Savage, the court addressed the issue of whether a major child, upon reaching the age of majority, must petition the court pursuant to Subsection C of La. R.S. 9:309 to have child support continued or whether such child support continued to accrue by operation of law. The court found the purpose of La. R.S. 9:309 was to "create an exception to the general rule of automatic termination of child support at the child's majority," and that the "legislature intended for the child to affirmatively invoke the right to continued child support by establishing the Subsection 309 C eligibility criteria through a judicial proceeding." Savage, 589 So.2d at 98. Thus, the court concluded that a judicial action to continue child support under Subsection 309 C should be brought on behalf of the unmarried minor child prior to its automatic termination. Id.
We decline to follow the Savage decision for the reasons set forth in the Freeman case. As the Freeman court noted, the legislature varied the language in La. R.S. 9:315.22 slightly from that in La. R.S. 9:309. La. R.S. 9:309C stated that "[a]n order or judgment of child support may continue" past the age of majority as long as the child met the conditions of the statute. (Emphasis added.) La. R.S. 9:315.22C states, "An award of child support continues " while the child meets the statutory conditions. (Emphasis *1134 added.) The Freeman court found that La. R.S. 9:315.22 clearly contemplates not a new order of support but a continuation of the order in existence when the child turns eighteen. The Freeman court further recognized that not only does Subsection C contain the word "continues," it also addresses the enforcement of an award rather than the obtaining of an award.
Mrs. Authement is not requesting a new child support order or the modification of the pre-existing support order. Rather, she is seeking the enforcement of her right under La. R.S. 9:315.22 to have the pre-existing order of child support continue for the period of time between Sadie's eighteenth birthday (during September of 1994) and her graduation from a secondary school (during May of 1995). The fact that Mrs. Authement did not file the motion to enforce the continuing child support obligation until after Sadie reached the age of majority did not make the filing untimely. Pilet v. Hartmann, 96-1091 (La.App. 4th Cir. 11/27/96); 684 So.2d 557. Accordingly, we find no merit in appellant's argument that either Mrs. Authement or Sadie was required to petition the court pursuant to La. R.S. 9:315.22C to establish a support obligation after Sadie's eighteenth birthday. Thus, we also find no merit in appellant's argument that the court erred in awarding child support arrearages for a period of time prior to the date Mrs. Authement filed the motion for enforcement.

2. Sadie's Eligibility for Continued Support
Pursuant to the terms of La. R.S. 9:315.22C, a child support award continues past the age of majority to the age of nineteen, if the child is unmarried, a full-time student in good standing in a secondary school, and is dependent upon either parent. Appellant argues the trial court erred in ordering him to pay child support for five months, asserting the ruling "seems to cover the period retroactive to September 21, 1994 until middle of February and the end of April through graduation, May 1995." Appellant urges that Sadie was not eligible for continued support because she was not dependent on either parent after January 1994. Appellant also asserts the trial court failed to determine whether Sadie was in "good standing."
Mrs. Authement testified that at the time Sadie reached the age of eighteen, she was enrolled in Genesis, a school that is part of the Terrebonne Parish school system. She described Sadie as an excellent student, who made A's, B's and C's. Sadie graduated from Genesis and received a high school diploma on May 20, 1995.
Regarding Sadie's support after she reached the age of eighteen, Mrs. Authement testified she paid for Sadie's car insurance, car note, clothes, medical expenses, graduation and prom expenses, and other miscellaneous expenses. Mrs. Authement also testified that after Sadie's eighteenth birthday, Sadie resided with her until the latter part of February 1995, when she moved into an apartment with her boyfriend.
Sadie Authement testified she was a student in good standing at Genesis and received a high school diploma when she graduated. She testified that at the beginning of 1994, she resided with her boyfriend's parents about three days a week, the days she worked at Rally's; and she spent about two to three days each week at her mother's house. After being involved in a car accident in June of 1994, she quit her job and resided solely with her mother until moving into her boyfriend's apartment during the middle of February 1995. She stated she lived in the apartment until the end of April 1995 when she moved back in with her mother. She began working as a nurse's aide on January 5, 1995. As of the time of the hearing on June 9, 1995, she was employed on a full-time basis. Sadie explained that when she first began the job, she worked as a "call-in," which meant that sometimes she would work two to three days a week; other times, she would not be called to work for two to three weeks at a time.
Mr. Authement confirmed that he ceased paying support for Sadie in September of 1994. He testified that most communications with his daughter had ceased around the time she was thirteen years old, and that he did not even receive a graduation invitation from her. He stated his daughter had not asked for money for support between September *1135 1994 and the date of the hearing. He testified, "I used to hear from a lot of people that she was living at her boyfriend's house, and I did phone her a few times and that is where she stayed." When asked whether Sadie had worked and primarily supported herself while enrolled in Genesis, Mr. Authement replied, "I think she did." He explained that the only assistance Sadie had told him she was receiving from her mother was assistance with the car insurance.
During the hearing, the trial court took judicial notice of certain information regarding Genesis. The court stated:
Genesis is part of the public school system for those children who are having particular problems, whether it be disciplinary or otherwise, it is part of the regular curriculum. They have a modified curriculum. Some of them go to Vo-Tech, and some of them because of the trouble they have had, it is considered part of the secondary school system. They do receive a high school diploma if they finish the requirements.
Appellant neither assigns error to the court's action of taking judicial notice of these facts, nor does he dispute that Genesis is a secondary school. Additionally, appellant does not dispute that Sadie was unmarried during the pertinent time period or that she was a full-time student. Mr. Authement challenges the court's failure to address whether Sadie was a student in "good standing" and whether she was dependent on either parent during this time period.
In addressing Mr. Authement's support obligation to Sadie, the court stated the following:
The Court ... finds that due to Sadie still being enrolled in a recognized curriculum in the Terrebonne Parish Public School, after she reached the age of 18, that being Genesis, and has in fact received a high school degree, that Mr. Authement had no right to automatically terminate. However, the statute does provide that the award will continue as long as the child is enrolled in school in good standing in a secondary school, has not attained the age of 19, and is dependent upon either parent. The Court finds that when Sadie moved in with her boyfriend, she was no longer dependent upon either parent. So, for those two months, or three months, they are not entitled to that child support. The Court will award a Judgment for back due child support for 5 months, $350.00 per month, being a total of $1,750.00.
Based on this reasoning, we find the trial court implicitly found that Sadie was dependent upon her mother during the five months for which support was awarded. Based on the testimony of Sadie and her mother, we find the record supports a finding that Sadie resided with her mother and received monetary support from her mother during at least five months from the time she reached the age of eighteen until the time of her graduation from Genesis. Accordingly, we find no manifest error in the trial court's implicit factual findings regarding this issue.
Regarding the issue of good standing, we also find the trial court implicitly found that Sadie was a student in "good standing" while enrolled at Genesis. Mrs. Authement's testimony that Sadie earned good grades was not contradicted. Sadie ultimately graduated and there was no negative testimony regarding her status at the school. We find no error in the trial court's interpretation of the term "good standing" or the court's implicit factual findings regarding this issue.

B. Change in Circumstances Warranting an Increase in Support for Minor Child
Appellant contends the evidence does not support the trial court's determination that he had a sufficient change in income to justify an increase in the child support for Roman. He asserts that his income and Mrs. Authement's income increased by approximately $2,000.00, and that such an increase does not constitute a substantial change in circumstances.[3]
*1136 The modification of a support award is governed by La. R.S. 9:311, which provides, in part that:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
The courts have demanded the showing of a substantial change in circumstances as a prerequisite for modifying child support judgments. In order to warrant modification of a child support award, the petitioning party must show the circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. Bordenave v. Bordenave, pp. 3-4, 93-1183 (La.App. 4th Cir. 1/13/94); 631 So.2d 519, 520; writ denied, 94-0409 (La.4/4/94); 635 So.2d 1108.
The $350.00 per month award for Roman was set on December 17, 1991. During 1991, Mr. Authement earned $45,301.26, and his second wife, Catherine Authement, earned $11,804.06. Mrs. Authement earned $10,010.04 during 1991. During 1991, Sadie was still a minor and Mrs. Authement was receiving support payments from Mr. Authement for Roman and Sadie.
Mrs. Authement filed the rule to increase child support on June 8, 1995. During 1994, Mr. Authement earned $46,935.44 and Catherine earned $21,680.41. During 1994, Mrs. Authement earned $12,100.00. Since Sadie had already graduated from Genesis at the time this rule was filed, Mr. Authement's obligation to pay child support for Sadie had terminated.
These facts indicate several changes. Mr. Authement's income increased by $1634.18 from 1991 to 1994, and he and his second wife's joint income increased by $11,510.53 during that period of time. Mrs. Authement's income increased by $2,089.96.
We recognize that La. R.S. 9:315, which sets forth definitions for the statutory guidelines for determining child support, directs that the court "shall not consider the income of another spouse, ... except to the extent that such income is used directly to reduce the cost of a party's actual expenses." Since no evidence was introduced regarding whether Catherine's income is used directly to reduce Mr. Authement's actual expenses, the trial court could not include Catherine's income in applying the child support guidelines. We note, however, the child support calculation supporting the increased award was based solely on the income of Mr. and Mrs. Authement and did not include Catherine's income. Although based on the facts of this case, we cannot consider Catherine's income for purposes of calculating child support, the substantial increase in the combined income of Lenis and Catherine Authement is appropriately considered as a factor in determining whether there has been a substantial change in circumstances warranting the modification of the support award.
Another change in circumstance which supports the trial court's modification of the amount of Mr. Authement's monthly support obligation is the fact that he is no longer paying child support for Sadie. See Ward v. Ward, 535 So.2d 782, 784 (La.App. 2d Cir. 1988). Since the child support guidelines have been implemented based upon the recognition that living expenses are not incurred on a pro-rata basis for each child, we consider this factor to be a substantial one.
We believe the combined effect of these factors, i.e., the increased incomes and the fact that Mr. Authement's support obligation to Sadie has terminated, results in a significant change in circumstances. The trial court properly recalculated the increased support obligation for Roman based on the increased incomes of Mr. and Mrs. Authement.

C. Deviation From Child Support Guidelines
Appellant testified he and Catherine have been married for six years and have a three-year old son. He also testified that his wife has a sixteen-year old son from a prior marriage, who resides with them. Appellant *1137 asserts the trial court erred by increasing his child support obligation to Roman without considering a deviation from the child support guidelines based upon his obligation to these dependents who are not the subject of this action.
La. R.S. 9:315.1B provides that a deviation may be allowed where the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties. La. R.S. 9:315.1C(2) instructs that in determining whether to deviate from the guidelines, the court may consider the legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household. However, the supreme court has directed that a deviation pursuant to this provision must be supported by an evidentiary basis. Guillot v. Munn, 96-0620, p. 1 (La.6/21/96); 676 So.2d 86. In this case, the record neither contains evidence regarding expenses incurred by Mr. Authement in supporting the minor children living in his household nor evidence concerning the extent to which Catherine contributes to the support of those children. Accordingly, we find the trial court did not err in declining to deviate from the guidelines. Id.

D. Attorneys' Fees
La. R.S. 9:375(B) provides:
When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney's fees and costs to the prevailing party. (Emphasis added.)
Appellant asserts the trial court erred in failing to award attorneys' fees in his favor after finding Mrs. Authement in contempt for interfering with his visitation rights. He contends that when a party has been found in contempt in an action to enforce visitation rights, the statute does not afford the court the discretion to determine whether the party should be ordered to pay attorneys' fees.
The trial judge denied appellant's request for attorneys' fees, stating he felt that Mr. Authement's rule for contempt was filed "basically because [Mrs. Authement] filed [her] Rule first." Mr. Authement's limited visitation with his son did not prompt him to take legal action until after Mrs. Authement sought to recover child support arrearages. Although the trial judge did find Mrs. Authement to be in contempt for failing to encourage and failing to enforce Mr. Authement's visitation with Roman, the trial judge did not find she had acted deliberately to prevent the visitation.
In applying La. R.S. 9:375(B), the trial court must determine which circumstances warrant an exception from the general rule that attorneys' fees shall be awarded. Based on the circumstances of this case, and because the record establishes a great disparity in the financial means of the parties, we find no error in the trial court's implicit determination that there was "good cause" not to assess attorneys' fees against Mrs. Authement. We find no merit in this assignment of error.

IV. CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Lenis A. Authement, Jr.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Mr. Authement also requested that the court terminate his obligation to pay all medical and dental expenses of the minor children, contending he should only be required to pay his share of "extra ordinary medical expenses" as defined in La.R.S. 9:315(3). Since the trial court granted this relief and the parties stipulated to the amount of past due medical expenses, appellant does not raise any assignments of error pertaining to medical expenses.
[3] Appellant also contends the court erred in calculating the child support award by failing to include health insurance costs. He asserts the cost of the health insurance premiums incurred on behalf of Roman should have been added to the basic child support obligation pursuant to La. R.S. 9:315.4. Since there is no evidence in the record concerning the cost of the health insurance premiums, we are not able to modify the child support award based on these expenses.